## COURTNEY *v.* PRADT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF KENTUCKY.

No. 93. Argued December 9, 1904.—Decided January 3, 1905.

Under § 5 of the judiciary act of March 3, 1891, the question of jurisdiction to be certified is the jurisdiction of the Circuit Court as a court of the United States and not in respect of its general authority as a judicial tribunal.

The certificate of the lower court is an absolute prerequisite to the exercise of power here unless the record clearly and unequivocally shows that the court sends up for consideration the single and definite question of its jurisdiction as a court of the United States.

When a case has been removed into the Circuit Court of the United States on the ground of diversity of citizenship, that court is entitled to pass on all questions arising, including the question of jurisdiction over the subject matter in the state courts or the sufficiency of mesne process to authorize the recovery of personal judgment.

The right to remove for diversity of citizenship, as given by a constitutional act of Congress, cannot be taken away or abridged by state statutes and the case being removed the Circuit Court has power to so deal with the controversy that the party will lose nothing by his choice of tribunals.

MERRIT B. ATWATER, a citizen of Wisconsin, and William C. Atwater, a citizen of Illinois, were partners, and in 1898 Merrit B. died testate, having appointed Louis A. Pradt, likewise a citizen of Wisconsin, his executor. The will was duly admitted to probate in Wisconsin, and Pradt duly qualified as executor, and has been and is acting as such. William C. Atwater was one of the legatees under the will.

The Atwater Land and Lumber Company was a corporation of Wisconsin, engaged in buying, owning, holding and selling real estate in Kentucky, and Merrit B. Atwater, at the time of his death, owned stock in that corporation, on which a dividend was declared August 30, 1901, which amounted to $4,757.37. W. C. Atwater was not a stockholder at the time of the declaration of the dividend, and had not been since 1893.

Courtney, a citizen of Kentucky, brought suit in the Circuit Court of Powell County, Kentucky, against Pradt, executor, and William C. Atwater, and procured a general order of attachment, under which the sheriff summoned the company to answer as garnishee by delivery of a copy of the attachment to the person designated by the company as its agent upon whom process could be executed, as required by the statutes of Kentucky in that behalf. There was no personal service on Pradt, executor, or on William C. Atwater, but a warning order was entered pursuant to statute.

Pradt, as executor, and William C. Atwater, filed their petition and bond in the state court for the removal of the cause to the Circuit Court of the United States for the Eastern District of Kentucky on the ground of diversity of citizenship, and it was removed accordingly. Pradt, executor, and William C. Atwater, entering their appearance in the Circuit Court for that purpose only, moved the court to dismiss the case "for want of jurisdiction to try same." On the same day, Pradt, executor, filed a special demurrer, assigning as causes, *inter alia*, that the court had no jurisdiction of the person, or of the subject matter. And on that day plaintiff moved to remand, no reasons being given. The Circuit Court overruled the motion to remand, sustained the motion to dismiss and the demurrer, and entered judgment dismissing the suit for want of jurisdiction. Two opinions were delivered, because further argument was permitted, and both are in the record. No certificate of the question of jurisdiction was applied for or granted; but an appeal was allowed to this court, which was argued in due course, together with a motion to dismiss.

*Mr. William Bullitt Dixon* and *Mr. Alexander Pope Humphrey* for appellant.

*Mr. Neal Brown* and *Mr. Louis A. Pradt*, with whom *Mr. Edwin C. Brandenburg* and *Mr. R. D. Hill* were on the brief, for appellees.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement of facts, delivered the opinion of the court.

It appears from the opinions of the Circuit Court, to which we properly may refer, *Loeb* v. *Trustees,* 179 U. S. 472, that the court held that the state court had no jurisdiction so far as William C. Atwater was concerned unless it had jurisdiction as against the foreign executor of his deceased partner; that the suit must be treated as if against the foreign executor alone; and that it could not be maintained against the foreign executor in the state court, nor in the Federal court. And further that the court was not bound to remand the case that the state court might determine that question.

The appeal was taken directly to this court, and cannot be maintained unless the case comes within the first of the classes named in section five of the judiciary act of March 3, 1891, which gives an appeal or writ of error direct "in any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision."

It is settled that the question of jurisdiction thus to be certified is the jurisdiction of the Circuit Court as a court of the United States, and not in respect of its general authority as a judicial tribunal. *Blythe* v. *Hinckley,* 173 U. S. 501; *Mexican Central Railway Company* v. *Eckman,* 187 U. S. 429; *Louisville Trust Company* v. *Knott,* 191 U. S. 225; *Bache* v. *Hunt,* 193 U. S. 523.

And the general rule is that the certificate is an absolute prerequisite to the exercise of jurisdiction here. *Maynard* v. *Hecht,* 151 U. S. 324. Although we have recognized exceptions to this rule when the explicit terms of the decree, or even of the order allowing the appeal, might properly be considered as equivalent to the formal certificate. *Huntington* v. *Laidley,* 176 U. S. 668; *Arkansas* v. *Schlierholz,* 179 U. S. 598.

But, as said by Mr. Justice Gray in *Huntington* v. *Laidley,*

"the record must distinctly and unequivocally show that the court below sends up for consideration a single and definite question of jurisdiction," that is, of the jurisdiction of the court as a court of the United States.

No such state of case is exhibited by this record. There is no certificate nor any equivalent therefor. No single and definite issue as to the jurisdiction of the Circuit Court as a Federal court is presented.

The case was dismissed for want of jurisdiction over it, as a suit against a foreign executor, in the courts of Kentucky. The court had power to so adjudicate. When a case has been removed into the Circuit Court on the ground of diversity of citizenship, that court is entitled to pass on all questions arising, including the question of jurisdiction over the subject matter in the state courts; or the sufficiency of the service of mesne process to authorize the recovery of personal judgment. *Goldey* v. *Morning News*, 156 U. S. 518; *Wabash Western Railway Company* v. *Brow*, 164 U. S. 271; *De Lima* v. *Bidwell*, 182 U. S. 1; *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406. It is true that in this case a motion to remand was made, but there was nothing to indicate that it rested on the contention that there was a lack of jurisdiction in the Federal courts as contradistinguished from the state courts. It did not in terms put in issue the power of the Circuit Court as a court of the United States to hear and determine the case, and we cannot be called on to say that there may not have been other grounds for the motion, or to attempt to eliminate every other ground for the purpose of bringing the case within the first clause of section five.

We do not regard the objection now urged that the suit was in equity, and as such not cognizable by the Circuit Court, as open to consideration on this record by direct appeal, but if it were, it is unavailing on the question of power.

The principal action was an action at law. If under existing statutes of Kentucky the process of attachment or garnishment against non-residents was equitable in form, as is con-

tended, this could not cut off the right of removal where diversity of citizenship existed.   The right to remove given by a constitutional act of Congress cannot be taken away or abridged by state statutes, and the case being removed, the Circuit Court had power to so deal with the controversy that the party could lose nothing by his choice of tribunals.   *Cowley* v. *Northern Pacific Railroad Company*, 159 U. S. 569.   In our opinion the appeal was improvidently prosecuted directly to this court, and it must, therefore, be

*Dismissed.* 