## In re WATER RIGHT OF UTAH CONST. CO.

District Court, D. Idaho, E. D.    January 12, 1929.

No. 681.

Walter Griffiths, of Caldwell, Idaho, for protestants.

Edwin Snow, of Boise, Idaho, for Utah Const. Co.

CAVANAH, District Judge. The Utah Construction Company, a citizen and resident of the state of Utah, originally instituted, in June, 1927, a proceeding before the commissioner of reclamation of the state of Idaho, under the provisions of section 5582 of the Compiled Statutes of Idaho, as amended by Laws 1921, c. 146, for the purpose of securing permission to change the point of diversion and place of use of 15.3 cubic feet per second of the waters of Big Lost river. At the hearing before the commissioner, a number of water users on the river, who were all citizens and residents of Idaho, appeared and protested against the proposed transfer. The commissioner, after a hearing, decided to grant the application of the company to the extent of 63 per cent. of the 15.3 cubic feet per second of the water rights for which application for transfer was made. Thereafter, and within sixty days from the order, nine of the persons who protested to the transfer appealed to the district court under section 5582 of the Idaho Compiled Statutes (as amended). The notice of appeal is directed to the department of reclamation and to the Utah Construction Company, and all persons interested in the application for the transfer of the water right, and was, on August 25, 1927, served on the commissioner of reclamation, but not on the Utah Construction Company. It was filed in the state district court on September 1, 1927. On August 20, 1928, the company took steps for the removal of the appeal to this court. An order was then made by the Honorable R. W. Adair, judge of said court, approving the bond and directing that no further proceedings be taken in the state court.

The reason set forth in protestants' petition for the appeal is that the purported water right sought to be transferred is subject to the right of protestants, and had been abandoned for more than five years immediately prior to the filing of the application for transfer, and that the company had no water right to transfer.

The question comes now for a hearing upon protestants' motion to remand to the state court, and the principal questions involved are: Is the commissioner of reclamation of the state of Idaho, who is a resident and citizen of the state, a necessary and indispensable party to the controversy so as to prevent the removal on the ground of diversity of citizenship? (2) Are the Utah Construction Company, who claims a water right on the one hand, and the protestants, who appeal to the state district court on the other, the real parties to the controversy? And (3) did the Utah Construction Company file its petition and bond for removal within the time required by law?

While it is stated in the motion to remand that the bond on removal is insufficient, and that the requisite jurisdictional amount does not exist, counsel on the oral argument agreed that the bond was sufficient, and that the necessary amount or value of the property in dispute does appear, and that those questions are not now presented for consideration.

The statute providing for the procedure to be taken where one feeling aggrieved by the determination of the department of reclamation in issuing or refusing to issue a certificate authorizing the transfer of the place of use of a water right on a stream, does not require any pleadings in the state court after the appeal is perfected, and no regulation of

the mode of procedure is provided for. The appeal is taken by the giving and serving of a written notice on the department of reclamation, and filing in the office of the clerk of the state district court a certified copy of the application for the change of place of use and order of the department thereon, together with a petition to the court setting forth the appellant's reason for such appeal and evidence of service of notice of appeal. The matter is then heard and determined upon such competent proof as shall be adduced by the appellant and department of reclamation, or some person duly authorized in its behalf. Idaho Comp. Stats. § 5582 (as amended).

The first and second reasons urged on the motion to remand may be considered together, as they relate to the inquiry. Is the commissioner of reclamation, who is a resident and citizen of the state, an indispensable party to the controversy so as to prevent the removal on the ground of diversity of citizenship, where it also appears that the Utah Construction Company, who claims the water right, and the protestants who took the appeal, are the only parties who are carrying on the controversy concerning the water right? It will be noted that the petition on appeal sets forth that the appellants are the owners of water rights in the river, both prior and subsequent to the claimed right of the company, that the company had abandoned its right, and to permit the transfer of the company's water right would deprive appellants of the use of their water. The proceeding is similar to a suit originally instituted in either the state or federal courts involving adjudication of adverse rights to the use of water. It involves a determination of questions both of law and fact, which may be determined in a suit in the state court, and, where such questions so appear and the state court has jurisdiction, the Circuit Courts of the United States have also original jurisdiction concurrent with the courts of the state of all suits of a civil nature at common law or in equity in which there shall be a controversy between citizens of different states in which the matter in dispute, exclusive of interests and costs, is the sum or value of $3,000. USCA tit. 28, § 41(1). Did these proceedings when they were originally initiated before the department of reclamation of the state, become at once a "suit of a civil nature at common law or in equity," or did they not become such suit until the proceedings reached the state court by appeal? The phrase "suit" is clearly defined by the Supreme Court in Weston v. City of Charleston, 2 Pet. 464, 7 L. Ed. 481, where Chief Justice Marshall said: "The term 'suit' is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, in which an individual pursues that remedy * * * which the law affords." "Modes of proceeding may be various, but if a right is litigated * * * in a court of justice, the proceeding by which the decision of the court is sought is a suit." See, also, Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524.

Here we have a proceeding initiated before a commissioner of the department of reclamation of the state, who exercises purely administrative functions, and who cannot be regarded as a court or tribunal having power to determine questions of law and fact in a judicial sense. But when an appeal to a court from an order of such administrative officer is provided, it then "becomes a suit, if made to a court or tribunal having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case, on the one side and the other." Upshur County v. Rich, 135 U. S. 467, 10 S. Ct. 651, 34 L. Ed. 196. The questions of law and fact involved here are to be determined by the courts whose functions are judicial, and the mode of procedure provided by the state statute is that, as soon as an appeal is perfected, the petition on the appeal, together with the other papers referred to in the statute, constitute the pleadings under which the evidence is to be taken and the case determined by the state court. Such being the case, it would seem that the case then becomes one contemplated by the removal act, and either party who may be a citizen and resident of another state, where there is, as in this case, a diversity of citizenship, may remove the case to this court if such steps are taken in the manner as proved by the statutes of the United States. Waha-Lewiston Land & Water Co. v. Lewiston-Sweetwater Irrigation Co. (C. C.) 158 F. 137.

We come now to a consideration of the further thought, Who are the real parties in interest in this case? Is it just the department of reclamation of the state on the one side, as respondent, and the protestants as appellants on the other, or is it the Utah Construction Company, whose water right is involved on the one hand, and the protestants on the other? The answer must be that the Utah Construction Company is certainly one of the parties in interest, as the controversy is only over its water right, and the protestants, who are contesting such right, are the other parties in interest. The state is not, through its administrative officer, the com-

missioner of reclamation, making any contest as to the right of the company to transfer the right of use of its water right, or whether the company had a water right at all. It has only provided a department before whom one having a water right may go and seek permission to change the point of diversion on a stream of the use of the water. Then, if the company is directly interested in the subject-matter of the controversy, it certainly is entitled to notice of all steps taken in the proceedings, whether it be provided for in the statute or not, unless it is held that notice to the department is sufficient where the statute provides only that such notice be given it and not to the real party in interest. The argument is made by appellants that the notice to the department is sufficient as the commissioner of the department is to appear in the courts and urge the validity of his order, and, by so doing, he protects the rights of those in whose favor the order is made. But suppose the commissioner does not, when an appeal is taken, as in this case, appear and take steps for removal of a case to the federal court for one who is entitled to such removal under the Constitution and laws of the United States, or give notice to such person, can it be said that, because a state statute does not provide notice to be given to a party in interest, such party is denied its right under the Constitution and laws of the United States to have the case removed to a federal court? The state statutes cannot take away or abridge such right, as it is said: "The jurisdiction of a circuit court of the United States depends upon the acts passed by Congress * * * and cannot be enlarged or abridged by any statute of a state. The legislature or the judiciary of a state can neither defeat the right given by a constitutional act of Congress to remove a case * * * nor limit the effect of such removal." Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Courtney v. Pradt, 196 U. S. 89, 25 S. Ct. 208, 49 L. Ed. 398; Central Union Fire Ins. Co. v. Kelly (C. C. A.) 282 F. 772; St. Louis & S. F. R. Co. v. Cross (C. C.) 171 F. 480. The right to remove is paramount, and the federal courts should determine that question free from any limitations or interference arising from any state statute; nor can the state adopt a statute that will defeat a litigant's right of removal by providing methods of procedure which will not afford them an opportunity of removal.

I am unable to conclude that it was the purpose of the state in enacting the statute under which the appeal was taken to cut off the right of removal merely because the statute has made the department a nominal party in the proceeding. Its presence under such circumstances will be disregarded on a motion to remand, and only the citizenship of the real parties in interest will be taken into consideration in determining whether the requisite diversity of citizenship exists. City of New Orleans v. Gaines' Adm'r, 138 U. S. 595, 11 S. Ct. 428, 34 L. Ed. 1102; Ex parte Nebraska, 209 U. S. 436, 28 S. Ct. 581, 52 L. Ed. 876. The citizenship or residence of the real, as distinguished from the nominal, parties, governs the matter of removability. Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867. And the removal cannot be defeated by the presence of a resident defendant who is a formal party, although he may be a proper party, and, if he is not an indispensable party, he may be treated as a nominal party and not standing in the way of a removal. Davidson v. Montana-Dakota Power Co. (D. C.) 22 F.(2d) 688; Venner v. Southern Pac. Co. (C. C. A.) 279 F. 832.

[7-9] The question whether the application for removal was filed in time under the record as required by the removal statute, which provides that "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff" (USCA tit. 28, § 72), presents a situation where the courts have not yet been called upon to decide, as the record discloses that an appeal from the order of the department of reclamation of the state was taken on September 1, 1927, under a statute which only requires notice thereof to be given within sixty days from the date of the order and served, together with the petition on appeal, on the department. Neither the notice nor the petition was ever served upon the Utah Construction Company, one of the real parties in interest, nor is there any showing as to when the company first had knowledge of such appeal having been taken, and therefore we must assume that, when it first knew of the appeal, it did, on August 20, 1928, take the steps for removal of the cause to this court. Under the statute, the company was never required to answer or plead in the state court, and, until it is so required and brought into court under some statute or rule of court it cannot be said that it should appear there and protect its rights. But it is insisted that the purpose of section 5582 of the statute prescribing the procedure on appeal "such appeal shall be heard and determined upon

such competent proof as shall be adduced by the appellant, and such like proofs as shall be adduced by the Department of Reclamation or some person duly authorized in its behalf," provides ample protection of the rights of one in whose favor the order of the department was made, as it is there provided that the notice of the appeal, when served upon the department, it, or some person authorized in its behalf, may present proof in support of its order. This would hardly be reasonable and fair, because all parties interested in the subject-matter of the controversy affecting their property rights are entitled to some kind of process served upon them and be granted their day in court before a court would be warranted in adjudicating such rights. And further, if some provision of law or rule of court does not provide for notice of the proceedings in court, and an opportunity to answer and plead, then that portion of section 72 of the United States Code (28 USCA § 72) would not govern, for, if so, the right of removal granted by the Constitution and laws of the United States would be denied to one whose rights are being adjudicated. The removal act as to time does not require of one to initiate the removal of a cause until he is required by state statute or rule of the court to answer or plead in the state court, and, there being no requirement of the statute or rule of court under consideration for the Utah Construction Company to answer and plead in the proceedings in the state court, the steps of removal taken in this cause would seem to have been taken properly, and entitles the company to have the cause removed to this court.

The motion to remand is denied.