## LE MANQUAIS v. GLICK.

### No. 1794.

District Court, W. D. Texas, El Paso Division.

Dec. 12, 1936.

348

Harrison, Scott & Rasberry, of El Paso, Tex., for plaintiff.

Howard & Jackson, of El Paso, Tex., for defendant.

BOYNTON, District Judge.

At Law. Action brought by G. J. Le Manquais, a citizen of the state of Maine, against Louis G. Glick, defendant, a citizen of the state of Illinois, commenced in the state district court of El Paso county, state of Texas, Forty-First judicial district of Texas, for recovery of damages alleged occasioned as result of negligence of defendant in operating a motor vehicle, an automobile, growing out of an automobile accident or collision, occurring on a public highway in the state of Texas within the jurisdiction of said state district court; said suit being removed to the United States District Court.

Hearing now being had, here presented the court for determination, arising on presentation of defendant's motion to restrain plaintiff from taking further proceedings in the state court in prosecution of said suit; also plaintiff's motion to remand the cause to the state court.

Plaintiff instituted this action by filing original petition in said state district court on April 10, 1936, and sought to obtain service of process on defendant, a nonresident of the state of Texas, alleged to be a resident of the state of Illinois, by issu-

ance and service of process and citation addressed to defendant served on the chairman of the State Highway Commission of the state of Texas, as in accordance with provisions of article 2039a, Vernon's Annotated Civil Statutes of Texas, as provided in sections 1, 2, 3, and 4 of said article (Acts 1929, 41st Leg., State of Texas, p. 279, c. 125, as amended Acts 1933, 43rd Leg. p. 145, c. 70).

Citation directed to defendant, Louis G. Glick, address 3156 Sheridan road, Chicago, Ill., was issued out of said state district court April 10, 1936, citing said defendant to be and appear before said honorable court at the next regular term thereof to be holden in the courthouse at the city of El Paso on the first Monday in May, 1936, the same being the 4th day of May, 1936, then and there to answer plaintiff's petition filed in suit in said court on the 10th day of April, 1936, wherein G. J. Le Manquais was plaintiff and Louis G. Glick defendant, reciting nature of plaintiff's cause of action as in plaintiff's petition alleged; and said citation, by return indorsed thereon by deputy sheriff of Travis county, Tex., shown to have been served on Harry Hines, chairman of the State Highway Commission of the state of Texas, in person, by delivery of certified copy of said citation, together with a certified copy of plaintiff's original petition. Such citation and return thereon was not filed in said cause until the 3d day of August, 1936. On the 30th day of July, 1936, Harry Hines, chairman, State Highway Commission of the state of Texas, made certificate certifying, amongst other recitations, that as chairman of the State Highway Commission of the state of Texas: "On April 11, 1936, at 9:55 A. M., he, as Chairman of the State Highway Commission of the State of Texas, was served with a true certified copy of citation issued out of the above styled and numbered cause, dated April 10, 1936, together with certified copy of plaintiff's original petition. That immediately upon being served with such process, and on April 11, 1936, he enclosed copy of the process served upon him (being certified copy of such citation and petition) in a letter properly addressed to Louis G. Glick, 3156 Sheridan Road, Chicago, Illinois, the wording of such letter being as follows:" Then reciting copy of letter referred to, containing clause as follows: "This is in compliance with provisions of article 2039a, Revised Statutes, 1925, as amended." Further, "and for-

warded the same on the same day, by U. S. Registered Mail, postage prepaid, to the said Louis G. Glick, at the address mentioned. That thereafter, and on April 30, 1936, the registered letter containing the certified copy of citation and certified copy of plaintiff's petition, and letter set out above, was returned to the undersigned Chairman of the State Highway Commission by the United States Postal Department, undelivered, with pencil notations thereon as follows: 'Not in'; 'No response'; 'Left Notice 4-15-36'; 'Second Notice April 24, 1936'; 'Not in during delivery hours'; That on the same date the undersigned advised Harrison, Scott & Rasberry, Attorneys at Law, First National Bank Building, El Paso, Texas, that such registered letter had been returned, undelivered, with notations as mentioned.

"This certificate is issued at the request of the plaintiff, G. J. Le Manquais, and executed by virtue of and in accordance with Article 2039–A, 1925 Revised *States* of the State of Texas.

"In testimony whereof I hereunto sign my name as Chairman of the State Highway Commission, and affix the seal of said State Highway Commission on this the 30 day of July, A. D. 1936.

"[Signed]   Harry Hines
"Chairman, State Highway Commission, State of Texas.
"[State Highway Department Seal]."

Said certificate of Harry Hines, chairman, State Highway Commission, state of Texas, aforesaid, being filed in said cause August 3, 1936.

On the 13th day of May, 1936, "Notice of service of process on the Chairman of the State Highway Commission of the State of Texas" was prepared by "Harrison, Scott & Rasberry, by J. L. Rasberry, Attorneys for plaintiff, G. J. Le Manquais," addressed "Louis G. Glick, Chicago, Cook County, Illinois," reciting the filing in said state district court of said petition and suit by G. J. Le Manquais, and that on the 10th day of April, 1936, process was issued commanding the sheriff of Travis county, Tex., to summon the defendant Louis G. Glick, by delivering to Harry Hines, chairman of the State Highway Commission of the state of Texas, in person, a true and certified copy of such process together with a certified copy of plaintiff's original petition, to appear and answer such petition on the first Monday in May, 1936, same being the 4th day of May, 1936, and that same was served upon Harry Hines, chairman of the State Highway Commission of the state of Texas, April 11, 1936, at 9:55 a. m. by sheriff of Travis county, Tex.; and that certified copy of the process of citation served upon said chairman of the State Highway Commission, together with a certified copy of plaintiff's original petition delivered with such process to said chairman of the State Highway Commission accompanies this notice. Indorsed on said notice is an affidavit of one E. T. O'Neron reciting that on the 19th day of May, 1936, at 11:20 a. m., in Chicago, county of Cook, state of Illinois, he, affiant, delivered to Louis G. Glick, defendant, in person, a copy of said notice, together with a certified copy of the process and certified copy of plaintiff's original petition described in and accompanying said notice; further that he, affiant, is an adult male, and in no manner interested in said suit. Said notice of service of process on chairman of the State Highway Commission of the state of Texas and notice to Louis G. Glick, defendant, aforesaid, reciting service of same on Louis G. Glick, defendant, of the filing of said suit, being filed in said cause on August 19, 1936.

Under the Constitution and laws of the state of Texas, district courts of this state have definite fixed terms. The May term, 1936, of the district court of El Paso county, Tex., Forty-First judicial district, convened Monday, May 4, 1936, and adjourned Saturday, June 27, 1936; the next term of said court convened Monday, September 7, 1936. Defendant filed in said state court petition and bond for removal, regular in form, 3d day of September, 1936, bond approved by the court on the 8th day of September, 1936, for removal of said cause to United States District Court, this division, on ground of diversity of citizenship; and notice of removal was duly issued and served on the 7th day of September, 1936; and such petition and bond for removal duly presented in said state court.

Right of removal given a nonresident defendant in a suit brought against such defendant in a state court, to the United States Court of such district, on ground of diversity of citizenship is recognized as a substantial right, which cannot be limited or abridged by state statute or enactment by state legislatures, or judiciary of a state, but is a right that exists by

virtue of provisions of the Constitution of the United States and enactment by Congress so authorized. Jud.Code, § 28, as amended, 28 U.S.C.A. § 71. Courtney v. Pradt, 196 U.S. 89, 25 S.Ct. 208, 49 L.Ed. 398; Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Cases cited notes 41 and 42 under 28 U.S.C.A. 71.

■ The right of removal, however, is a privilege and right that can be, and is, waived unless exercised within the time period prescribed. Jud.Code § 29, 28 U.S. C.A. § 72, reading, in part, as follows: "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court, to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit."

It is urged in plaintiff's motion to remand, here presented, that Louis G. Glick, defendant herein, failed to file in the state district court petition and bond for removal within the time so prescribed, "at the time, or any time before the defendant is required by the laws of the State or rule of the State Court, in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending * * *"; hence that the cause should be remanded to the state court.

Article 2039a, Vernon's Ann.Civ.St.Tex. Section 1 thereof, relating to obtaining of service of process on a nonresident of the state in a suit involving operation by a nonresident of a motor vehicle on the public highways or public streets of said state, contains provisions to effect that use of such public highways by a nonresident "shall be deemed equivalent to an appointment by such non-resident and of his agent, servant or employee, of the Chairman of the State Highway Commission of this State, or his successor in office, to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding now pending or hereafter instituted against said non-resident," served in the manner as in said Article and section provided, and that same "shall be of the same legal force and validity as if served personally."

Section 2 of said act provides that: "It shall be the duty of the Chairman of the State Highway Commission of the State of Texas, upon being served with process as provided in Section 1 of this Act, to immediately enclose copy of the process served upon him in a letter properly addressed to the defendant, or to his agent, servant or employee, and shall forward same by registered mail, postage prepaid." It is further provided in said Section 2 as follows: "If and in the event notice of service of the process upon the Chairman of the State Highway Commission cannot be effected by registered mail or if the person to whom it is addressed refuses to accept or receive the same, then the plaintiff may cause the defendant to be served with a notice of the fact that the process has been served upon the Chairman of the State Highway Commission, stating the date of the service thereof, which notice shall also be accompanied with a certified copy of the process so served upon said Chairman of the State Highway Commission. Such notice may be served by any disinterested person competent to make oath of the fact by delivering to the person to be served in person a true copy of such notice, together with a certified copy of the process served upon the Chairman of the State Highway Commission. The return of service in such case shall be endorsed on or attached to the original notice stating when it was served and upon whom it was served and it shall be signed and sworn to by the party making such service before any person authorized by the statutes of this State to make affidavit under the hand and official seal of such officer."

Section 3 of said article providing as follows: "Sec. 3. The officer serving such process upon the Chairman of the State Highway Commission, shall in his return state the day and hour of the service upon the Chairman of the State Highway Commission of such process and such other

facts as are now required to be made in his return as in the case of service of citations generally."

Section 4 of said article providing as follows: "Sec. 4. The Chairman of the State Highway Commission shall upon request of a party and upon the payment of a fee of One ($1.00) Dollar, certify to the court out of which said process is issued or in which any suit or action may be pending against such non-resident, its agent, servant or employee, the occurrence or performance of any of the duties, acts, omissions, transactions or happenings contemplated or required by this Act, including the wording of any registered letter received, and his certificate, as well as the wording of said registered letter receipt, shall be accepted as prima facie evidence and proof of the statements contained therein."

Section 5 of said article providing as follows: "Sec. 5. No judgment by default shall be taken in any such cause or action, suit or proceeding, until after the expiration of at least twenty days after such process shall have been served upon the Chairman of the State Highway Commission as herein provided, and the presumption shall obtain, unless rebutted, that such process was transmitted by the Chairman of the State Highway Commission and received by the defendant after being deposited in the mail by the Chairman of the State Highway Commission."

Section 6 of said article providing as follows: "Sec. 6. The court in which the action or proceeding is pending shall have the right to continue or postpone said action or proceeding, as may be necessary to afford the defendant reasonable opportunity to defend the action."

The Supreme Court of the United States in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, held a statute of the state of Massachusetts, quite similar to said statute, article 2039a, Vernon's Ann. Civ.St.Tex., to be constitutional. Hence the constitutionality of such statute of the state of Texas is not here raised or in question. But the Supreme Court of the United States in Hess v. Pawloski, supra, in holding such statute to be constitutional, in its opinion said, in part, as follows, referring to the defendant: "It is required that he shall actually receive and receipt for notice of the service and a copy of the process." 274 U.S. 352, at page 356, 47 S.Ct. 632, 633, 71 L.Ed. 1091.

Said article 2039a, Vernon's Ann.Civ. St.Tex., has never been construed by the appellate courts of the state of Texas as to time a nonresident defendant sued in such cause of action and service of citation had on chairman of the State Highway Commission, and actual notice of such suit, as in said statute provided, not received by such nonresident defendant until after convening of the term of court in such citation cited, and cited to answer and plead at a date prior to such service, receipt of actual notice by such defendant—on an impossible date—as in the case at bar; holding date on which such nonresident defendant is held required to "answer or plead." Had the highest appellate court of the state of Texas ruled on such question, same would be followed and held binding by this court.

Therefore this court is here required to construe said statute, rule upon and determine such question, as controlling and decisive as to whether the case at bar is properly removed to the United States District Court, in passing on plaintiff's motion to remand; also defendant's application for issuance of an order enjoining further proceedings in the state court in this cause.

■ While holding by judge of the state district court in entry of an order denying defendant's right to removal herein is not binding on this court, which has exclusive power and authority to rule on its own jurisdiction, and all questions raised on motion to remand, and other motion herein presented, because of the high regard entertained as to opinion by judge of said state court most careful consideration has been given to grounds and reasons advanced by the judge of said court as in his said order so recited, as follows: "The Court, after hearing and considering said application is of the opinion that the service of process on the statutory agent of defendant gave jurisdiction over the person of the defendant. The service of notice to defendant of service of process on defendant's statutory agent, gave the defendant the privilege of answering in a reasonable time thereafter; that more than a reasonable time has elapsed from the date of the service of notice of service on defendant's statutory agent at the time the petition for removal was tendered."

■ Transcript of certified record of the state court, including petition and bond for removal, was taken out and duly filed in this court, by defendant, within the period prescribed by law, thereby giving this court

jurisdiction to hear and determine all questions raised on plaintiff's motion to remand and defendant's application for injunction.

■ The court here holds that, while article 2039a is a special statute providing service of process on a nonresident defendant in manner as therein provided, in a suit for recovery of damages alleged occasioned by negligence in operating a motor vehicle on a public highway of the state of Texas, where it affirmatively appears, as in the case at bar, that notice of service of citation had on chairman of the State Highway Commission was not received by registered letter so forwarded by chairman of the State Highway Commission, or any actual knowledge of institution of such suit received by said nonresident defendant until receipt of the notice, as in said statute provided, on the 19th day of May, 1936, by defendant, in the midst of such May term, 1936, of said court, of service of citation on chairman of the State Highway Commission, to answer and plead on May 4, 1936, an impossible date, said defendant was not required to answer and plead prior to the next term of said state district court, viz., September term, 1936, convening September 7, 1936, appearance day thereof.

The record in this case showing facts recited in certificate of chairman of the State Highway Commission rebutting any presumption of receipt by defendant of registered letter mailed by chairman of the State Highway Commission as referred to in section 5 of said article 2039a, Vernon's Ann.Civ.St.Tex., and affirmatively showing that same was not received by such nonresident defendant, no judgment by default could have been had, legally taken, in such suit, on service of citation on the chairman of the State Highway Commission, alone, but only when actual notice of same be had on such defendant, and until he be required to answer and plead. Though held that time in which a judgment by default might be taken in a case is not controlling of time defendant may be held as required to answer and plead, the suit here in question being against a nonresident defendant for recovery of a personal judgment, it is at least persuasive in arriving at a just and proper determination of question as to when such defendant be held required to answer and plead herein.

It is held by the court under Jud.Code § 29, 28 U.S.C.A. § 72 there must be a definite time fixed by state statute, or rule of court, and there exists no rule of court here applicable, specifying time in which defendant is required to "answer or plead," and same not left indefinite and uncertain as might be construed as reasonable, or unreasonable, by varying opinions of different trial court judges, or as constituting a waiver of the right of removal by a nonresident defendant. Had the defendant here been served with notice of such suit during the last hours on day of adjournment of the May term of said state court, June 27, 1936, it could not be held he be required to perform an impossible act, viz., file a petition and bond for removal in such court at an impossible time, and not so doing be deprived of the substantial right of removal merely because of service of citation had on chairman of the State Highway Commission, of which such nonresident defendant had no prior notice.

■ It is held by the court that as article 2039a fails to specify or fix any definite time in which such nonresident defendant is required to answer and plead in such case, as in the case at bar disclosed, the court may, and should, resort to general provisions of the statutes of the state of Texas, relating to service of citation and time thereafter in which a defendant is "required to answer." There existing in this instance no rule of court on such subject.

Article 2036, R.S. of Texas (time of service), provides as follows: "Citations shall be served before the return day thereof; and, the defendant shall not be required to plead at the return term of the court, unless citation be served at least ten days before the first day of such term, exclusive of the days of service and return, but when a citation is served before return day thereof and less than ten days before the first day of such term, exclusive of the day of service and return, such service shall compel the defendant to plead at the next succeeding term of the court."

And article 2009, R.S. of Texas (answer filed), provides as follows: "Where citation has been personally served at least ten days before the first day of the term to which it is returnable, exclusive of the day of service and return, the answer of the defendant shall be filed on or before the second day of the return term, and before the call of the appearance docket on said second day. Where service of citation has been made by publication, the answer of the defendant shall be filed on or before

the appearance day of the term to which the citation is made returnable."

The court does not find article 4764, R. S. of Texas, relating to subject of securing service in suit against a life insurance company, by serving citation on the Insurance Commissioner of the state of Texas, and the forwarding by him of a copy of the citation served upon him, or a substantial copy thereof, in letter by registered mail to address · of general manager or general agent of such company, or to the home office of the company, to be analogous to provisions contained in article 2039a, Vernon's Ann.Civ.St.Tex. and in said article 4764 (Rev.St.) it is expressly provided: "No judgment by default shall be taken in any such cause until after the expiration of at least ten days after the General agent or general Manager of such company, or the company at its home office, as the case may be, *shall have received such copy of such citation.*" (The court's italics.) Or in reasoning advanced that where in a pending case, wherein a defendant has been duly cited, upon the filing by plaintiff of an amended pleading dismissing certain defendants formerly joined as joint defendants, rendering the case for the first time removable to the United States Court, that such defendant must thereupon file with reasonable promptness, within a reasonable time, petition and bond for removal or be held as having waived right and privilege of removal of such cause.

Hence the court holds herein that defendant in the case at bar duly filed petition for removal and bond in the state court prior to and at time he was required, under the laws of the state of Texas, to answer and plead, viz., on opening day of the September term, 1936, of said state court; and the case was properly removed to this court. To hold to the contrary would be to establish, seek to establish, by judicial decision, a rule of marked distinction between service on a resident defendant and nonresident defendant in such character of suit, and time required to answer or plead, detrimental and hostile to such nonresident defendant. Hess v. Pawloski, 274 U.S. 352, 356, 47 S.Ct. 632, 71 L.Ed. 1091.

Order will be entered overruling plaintiff's motion to remand; and order entered granting motion of defendant for injunction enjoining any further proceedings in the state court in this cause.