500

## ABRAHAM LAND & MINERAL CO., Inc., v. MARBLE SAV. BANK.

### Civ. No. 224.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 1, 1940.

Richard B. Williams and Arthur C. Watson, both of Natchitoches, La., for plaintiff.

White, Holloman & White and T. W. Holloman, all of Alexandria, La., for defendant.

PORTERIE, District Judge.

This suit has been removed from the state court on the ground of diversity of citizenship and the amount involved. The defendant, after removal, filed a motion to dismiss upon the following four points:

(a) That the federal court is without jurisdiction of the person of the defendant; the latter being a corporation chartered and organized to do business in the state of Vermont, not being engaged in doing business in the state of Louisiana.

(b) That, should the court rule in favor of jurisdiction under (a), "the citation is defective and there is insufficiency of process."

(c) That "the defendant has not been properly cited or served with process."

(d) That the federal court is without jurisdiction of the subject matter, as was also the state court, tenth district, from which the cause was removed, because the real demand disclosed by plaintiff's petition is for the declaration of the nullity of a judgment of the state court, ninth district, in the suit of the Marble Savings Bank v. Cane River Valley, Inc., No. 24163; the Laws of Louisiana, under the facts of this case, enabling jurisdiction in an action of nullity only in the court of authorship of the judgment.

Trial and hearing have been had on the motion to dismiss, brief has been filed by mover, and the motion must now be decided.

■ Before approaching the four points of the motion to dismiss, the court has to first decide whether or not the question of original state jurisdiction may be raised after removal of a case from the state court to the federal court. Mover advances affirmatively that this principle is to apply to the four grounds of dismissal in its motion. We believe the rule is well established to the effect that all points as to state jurisdiction and venue, both as to subject matter and person, may be raised after removal of a case from the state court to the federal court; see the following cases: Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Courtney v. Pradt, 196 U.S. 89, 25 S.Ct. 208, 49 L.Ed. 398; Cain v. Commercial Publishing Co., 232 U.S. 124, 34 S.Ct. 284, 58 L.Ed. 534; Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; General Investment Co. v. Lake Shore & M. S. Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Southern Lands, Inc. v. Henderson, D. C., 24 F.Supp. 835.

It is said in Goldey v. Morning News, supra, 15 S.Ct. at page 562: "Although the suit must be actually pending in the state court before it can be removed, its removal into the circuit court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself, in the circuit court of the United States, of any and every defense, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said circuit court.'"

The above principle being accepted, we have decided to consider first, since it leads to definite solution of the motion, subdivision (d); to-wit: That the state court was without jurisdiction of the subject matter.

■ The plaintiff has filed what apparently purports to be a petitory action in the tenth district court, parish of Natchitoches, the situs of the real property affected. All of the characteristics of the petitory action under the Code of Practice of the state of Louisiana appear (Articles 43–45, La. Code of Practice), but upon a close analysis of the petition the fact is patent that the real object sought by the action is the declaration by the district court of Natchitoches parish (tenth district) of the nullity of a judgment of the district court of Rapides parish (ninth district.)

To show this, we must quote in full paragraphs 10 and 11 of the petition:

"10. And that the said Marble Savings Bank is claiming a pretended title to the said property through a foreclosure of the said mortgage notes executed by Samuel Caspari, although the said Bank was never legally in possession of said notes, and was not a holder of the same in due course or for value."

"11. That petitioner is informed, believes and so alleges that the said notes were never negotiated by either Samuel Caspari or the Cane River Valley, Inc., and that neither Samuel Caspari or the Cane River Valley, Inc. received any money, value or consideration from the Marble Savings Bank for said notes, but that on the contrary the said notes were traded or exchanged with the said Bank by a person or persons who had no authority or right to negotiate or sell or handle the said notes; and who negotiated or traded the said notes to the said bank without the knowledge or consent of Samuel Caspari or the Cane River Valley, Inc. and in fraud of their right as well as the rights of the Givanovich Heirs."

We should elaborate in detail. What is the nature of the judgment of the Rapides parish court? The whole record of the Rapides parish suit has been made a part of the evidence by the mover. The proceeding was one of foreclosure, based upon promissory notes secured by mortgage; the process was via ordinaria, not via executiva. The defendant, Cane River Valley, Inc., was domiciled and was a resident of

the parish of Rapides. The notes sued upon were alleged to have been held by the plaintiff for value, in good faith, and before maturity. They are the same notes that are mentioned and recognized in the deed by the United States marshal to the plaintiff herein, the Abraham Land and Mineral Co., Inc., as being superior to the notes there sued upon and under which deed the Abraham Land and Mineral Company, as outside party, bid successfully and acquired at Marshal's foreclosure. In ˙ the suit in Rapides parish, the very point as now urged in the petitory action in this suit—that the Marble Savings Bank had not acquired in good faith and for value—was made, stressed, placed at issue, and was not sustained by the Rapides parish court.

■ Foreclosure process, via ordinaria, in Louisiana is based upon actual citation, as any other suit for personal judgment, with full delays for answer leading to the issue being drawn. If the plaintiff be successful, the judgment is one in money for the amount of the debt, with recognition of the mortgage and directing the sale of the land for the payment of the debt. The writ of fieri facias then issues.

■ Foreclosure process via executiva is not based upon citation and answer, to be followed by personal judgment, but is based merely upon a three-day notice of demand to pay, followed then by writ of seizure and sale of the property in satisfaction of the debt—it is in rem, in character.

With these premises discussed and well before us, the next question to ask is whether or not the petitory action, under the jurisprudence of Louisiana, is permitted where the nullity of the judgment of another court is involved.

■ From an examination and study of Articles 604 to 613, both inclusive, of the Code of Practice of Louisiana, and the jurisprudence thereunder, we find the usual rule to be that the action of nullity of judgment ˙must be brought before˙ the court which rendered the judgment. State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864; Butman v. Forshay, 21 La. Ann. 165; State ex rel. Chandler v. Judge, 43 La.Ann. 825, 9 So. 639; Galbraith v. Snyder, 2. La.Ann. 492; State ex rel. Becker v. Judge of Sixth District Court, 30 La. Ann. 1350.

■ The modification is, however, that where the judgment is absolutely null on the face of the papers, its nullity may be invoked at any time and *anywhere,* by anyone against whom it is interposed. It is not necessary in such a case to bring an action of nullity in the court which rendered the judgment. Decuir v. Decuir, 105 La. 481, 29 So. 932; Bledsoe v. Erwin, 33 La.Ann. 615, 618; Conery v. Rotchford, 30 La.Ann. 692.

■ In the instant case there is no apparent nullity whatsoever appearing on the face of the papers. We have scrutinized carefully, not only the judgment itself, but also the full record of the case in the Rapides parish district court. We find proper and legal citation, followed by the necessary legal delays, issue being drawn by an answer, containing the very point now urged in this case; we then note a hearing, contradictorily held, followed by personal judgment. The writ of fieri facias then issued, etc., in the manner and form previously outlined in this opinion. The important point, we must repeat, is that the same reason urged in this case to defeat the title to the land of the Marble Savings Bank was urged in the Rapides parish suit. A study of the two cases shows a thing adjudged; but, as there is no plea of res adjudicata filed, we may not declare it.

We must conclude, therefore, that plaintiff's petition in the state court, though with the garb of a Louisiana petitory action, is in truth an action in nullity of a judgment of another state court. It then follows, under the Louisiana law, that the district court of Natchitoches parish is without jurisdiction to declare null the judgment of the district court of Rapides parish in this particular case.

Our next inquiry should be whether the federal rule permits the analysis of petitions to ascertain what are their pretended and what are their real purposes.

■ Mr. Justice Brandeis, speaking for the Court in the case of Lambert Run Coal Co. v. Baltimore & O. Ry. Co., 258 U.S. 377, 42 S.Ct. 349, at page 351, 66 L.Ed. 671, says: "The fact that this was a suit to set aside an order of the Commission did not appear on the face of the bill; but it became apparent as soon as the motion to dismiss was filed. Jurisdiction cannot be effectively acquired by concealing for a time the facts which conclusively establish that it does not exist. As the state court was without jurisdiction over either the

subject matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction. Courtney v. Pradt, 196 U.S. 89, 92, 25 S.Ct. 208, 49 L.Ed. 398; American Well Works v. Layne [etc., Co.], 241 U.S. 257, 258, 36 S.Ct. 585, 60 L.Ed. 987."

Definitely, therefore, the motion to dismiss must be sustained—based on its subdivision (d).

Consequently, the other points (a), (b) and (c), urged in the motion, need not be ruled upon and will remain undecided.

A decree prepared in accord herewith will be signed when presented.