## SABINE STATE BANK & TRUST CO. v. SCHOONMAKER.

### No. 1612.

District Court, W. D. Louisiana,
Shreveport Division.

Nov. 15, 1945.

L. E. Colvin, of Mansfield, and R. A. Fraser, of Many, La., for plaintiff.

Craig & Magee, of Mansfield, La., for defendant.

PORTERIE, District Judge.

The question before us is whether or not we should remand this case to the state court.

The plaintiff in a personal action seeks a judgment against the defendant in the sum of $5,000, based on a promissory note in that principal amount, with interest and attorney's fees, and for costs. The language of the prayer of the petition is:

"Wherefore, the premises and annexed affidavit being considered petitioner prays that a writ of attachment issue herein, upon plaintiffs giving bond, with good and solvent surety, in the amount fixed by law, and conditioned as the law requires, commanding the Sheriff of the Parish of De Soto to seize and attach, according to law, property of the said G. C. Schoonmaker, within the jurisdiction of this Court, sufficient to discharge and satisfy petitioner's debt, and to hold the same subject to the further orders of this Court and to the judgment to be hereinafter rendered herein.

"That the said G. C. Schoonmaker be duly cited and have service hereof, and that after due proceedings had there be judg-

442

ment in favor of petitioner and against the said G. C. Schoonmaker for the full sum of five thousand and 00/100 ($5000.00) dollars, with eight (8%) per cent per annum interest thereon from January 22nd, 1944, until paid, together with ten (10%) per cent additional on said sum and interest as attorney's fees herein and for all costs of this suit.

"That the writ of attachment herein sued out be maintained and that petitioner's lien and privilege resulting from the attachment herein on all of the property seized be recognized and enforced, and that said property be sold and that petitioner's claim, interest, attorney's fees and costs be paid by preference and priority over all other creditors of said G. C. Schoonmaker out of the proceeds of said sale.

"For all orders and decrees necessary and for general and equitable relief."

The plaintiff, we grant, is making use of Act No. 220 of the Legislature of Louisiana for the year 1932 and in connection with its demand for a money judgment, because the defendant is a nonresident, has sued out a writ of attachment against the defendant's property located in the parish of the domicile of the state court. This fact under the statute gives the state court jurisdiction. See Pugh v. Flannery, 151 La. 1063, 92 So. 699; First National Bank & Trust Co. of Vicksburg v. Drexler, La.App., 171 So. 151-154; Hope v. Gordon, 186 La. 697, 173 So. 177. Our jurisdiction is a derivative one; so we have jurisdiction upon removal.

The plaintiff is an ordinary creditor; he has no inherent privilege. The writ of attachment is purely an adjunct of, and is ancillary to, the suit. No privilege arises until after the plaintiff has proved its case in court contradictorily and the money judgment has been pronounced: "Provisional seizures (attachments) and sequestration give no privilege to those who have made them, until they have obtained a judgment and order of execution on the property sequestered or provisionally seized." Art. 724, Louisiana Code of Practice.

The action is certainly not one in rem; the note sued upon is not one secured by a mortgage on the property attached. It is a personal action seeking a money judgment. The action is not solely against the property situated within the territorial jurisdiction of the state court. The judgment, after rendition, will not be limited in its execution to the property in the custody of the Court under the writ of attachment.

Under 28 U.S.C.A. § 41(1), since there is diversity of citizenship, and there are questions of law and fact which appear for decision, and the amount involved is clearly over $3000, the suit could have been initially filed in this Federal District Court. So, for double jurisdictional grounds, the suit should not be remanded.

However, in the case of Alabama Power Co. v. Gregory Hill Gold Mining Co., D.C. Ala., 5 F.2d 705, at page 706, it was said: "It is settled that when the requisite difference of citizenship exists and the matter in controversy exceeds the jurisdictional amount, an action, although commenced by state process, e.g., attachment, in the state court, can be removed, even in case where the writ could not have been originally issued from the federal court. Crocker Nat. Bank v. Pagenstecher, C.C., 44 F. 705; Vermilya v. Brown, C.C., 65 F. 149; Long v. Long, CC., 73 F. 369."

If the nonresident defendant appear in this action in the state court for any purpose other than to plead to the jurisdiction of the court, or in a motion for removal to the federal court, a personal judgment may be rendered against him. Rathbone & Co. v. Ship London & Owners, 6 La.Ann. 439; First National Bank of Arcadia v. Johnston, 130 La. 288, 57 So. 930; Vititoe v. Shea, 161 La. 984, 109 So. 785. This is serious; the nonresident should not be remanded to the state court.

At page 349 of the case of Le Manquais v. Glick, D.C., 17 F.Supp. 347, we find: "Right of removal given a nonresident defendant in a suit brought against such defendant in a state court, to the United States Court of such district, on ground of diversity of citizenship is recognized as a substantial right, which cannot be limited or abridged by state statute or enactment by state legislatures, or judiciary of a state, but is a right that exists by virtue of provisions of the Constitution of the United States and enactment by Congress so authorized. Jud.Code, § 28, as amended, 28 U.S.C.A. § 71. Courtney v. Pradt, 196 U.S. 89, 25 S.Ct. 208, 49 L.Ed. 398; Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; cases cited notes 41 and 42 under 28 U.S.C.A. § 71."

And at page 439 of the case In re Water Right of Utah Const. Co., D.C., 30 F.2d 436, we find: "The right to remove is paramount, and the federal courts should determine that question free from any limitations or interference arising from any state statute; nor can the state adopt a statute that will defeat a litigant's right of removal by providing methods of procedure which will not afford them an opportunity of removal."

See Missouri Valley Bridge & Iron Co. v. Blake, 4 Cir., 231 F. 417.

 If plaintiff prevail in the Federal court, the writ of attachment of the state court will be maintained and the lien and privilege then resulting from the attachment will be recognized and enforced on the property, etc. In re Richards & Holloway, Inc., D.C., 35 F.Supp. 51; In re Bryce Cash Store, Inc., 12 La.App. 365, 124 So. 544.

Articles 290 and 291 of the Louisiana Code of Practice, cited by plaintiff, are inapplicable.

Accordingly, the motion to remand is overruled and denied. Please present judgment.