## SABINE STATE BANK & TRUST CO. v. SCHOONMAKER (SPIER, Third-Party Defendant).

### Civil Action No. 1612.

District Court, W. D. Louisiana, Shreveport Division.

March 15, 1946.

L. E. Colvin, of Mansfield, La., and R. A. Fraser, of Many, La., for plaintiff.

Craig & Magee, of Mansfield, La., and T. B. Morgan and W. J. Fleniken, both of Shreveport, La., for defendants.

DAWKINS, District Judge.

This suit was brought originally in the state court for Sabine Parish, upon a note for the sum of $5,000, dated December 22, 1943, due sixty days after date, bearing interest at 8 per cent, and 10 per cent attorneys' fees, if placed in the hands of an attorney for collection. The petition alleged that it was signed by both defendant and one J. L. Spier, but the former alone was named as a defendant; that Schoonmaker was a nonresident of the state and the right to sue Spier was reserved. The prayer was for the issuance of a writ of attachment and service of the complaint. No service was had upon defendant, but certain property was seized under the writ of attachment issued at the same time. The complaint was filed June 15, 1945. On July 31, 1945, Schoonmaker filed a petition to

remove to this court alleging his appearance "for the first time * * * in this suit"; and the order to remove was signed on August 11th following. September 13th, 1945, plaintiff filed a motion to remand but the same was later heard and overruled by my associate, Judge Porterie, 63 F.Supp. 441. On December 5, 1945, Schoonmaker obtained from the present judge of this court an order for the service of third party process upon Spier, in which demand was made for judgment "against the third party defendant, J. L. Spier for all sums that may be adjudicated against the defendant, Schoonmaker, in favor of the plaintiff, Sabine State Bank & Trust Co." Service was had on Spier January 7, 1946; and on the 30th of that month counsel for third party defendant moved to dismiss "because the third party complaint fails to state a claim against third party defendant upon which relief can be granted." Default was entered on February 9th by plaintiff against defendant, but on February 12th following the latter answered the petition at length, plead payment of the sum of $3,000 on said note and prayed that he be given credit therefor with interest. Schoonmaker prayed for "judgment herein against the said J. L. Spier, third party defendant, for such sums as may be found due" by him to said plaintiff.

In substance, both in the petition for third party proceedings against Spier and in his answer to plaintiff's demands, Schoonmaker alleges in substance that a contract had been entered into by him with Spier for the drilling of oil wells in Sabine Parish on a footage basis of $3 per foot to a depth of 5,000 feet and for $3.50 per foot "for an additional depth to 5300 feet"; that Spier was paid the sum of $2,000 cash, and at the same time there was deposited in bank a balance of $13,000 to be paid to Spier on completion of the well; that thereafter Spier informed Schoonmaker he was unable to proceed for lack of funds, which had been promised him by the plaintiff bank; that Schoonmaker then signed the note sued on with the said Spier "as surety" which was taken by the plaintiff bank and the sum of $5,000 advanced to Spier. Further, that at the time the said note was taken by plaintiff Bank, Spier "was indebted" to it "in a considerable additional amount"; that it was agreed upon by the Bank, Spier and Schoonmaker, at the time of making said note, that the first payments made by defendants to the said J. L. Spier on the drilling contract should be made "through" the Bank and should be applied to the payment of the note; that on December 23, 1943, Spier drew a draft on defendant for $3000, which was paid and for which Schoonmaker claims credit on the demand of plaintiff; and prays for judgment over against Spier for whatever sum the plaintiff recovers against defendant.

The matter now to be considered is the motion of Spier to dismiss the third party proceedings. Counsel have cited various articles of the Code as to the relationship, rights and obligations of obligors in solido, all of which it would seem are inapplicable here. The matter is governed by No. 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which permits a defendant to move "for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * * The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff." The substance of the third party demand against Spier is that Schoonmaker, in order to assist Spier in proceeding with the work under his contract, signed a note as surety, as an accommodation and without any obligation or liability to Spier, who is bound to pay or reimburse defendant for whatever sum he may be compelled to pay the bank on account of this suit. The pleadings negative completely any indebtedness by Schoonmaker to the bank other than the signing of the note in the manner alleged with Spier and it also charges in substance that whatever it may be compelled to pay is solely a debt of Spier. In this state of the pleadings it would seem that Rule 14 was intended to cover just such a case and that the motion to dismiss should be denied.

Proper decree should be presented.