FRANK MURPHY, ADMINISTRATOR, APPELLANT, V. WILLOW
SPRINGS BREWING COMPANY ET AL., APPELLEES.

FILED MARCH 19, 1908.  No. 14,950.

1. **Death: PARTIES TO ACTIONS.** Where the right to maintain an action
for injuries resulting in death depends upon the provisions of
Lord Campbell's act (Comp. St. 1905, ch. 21), such action must be
brought in the name of the administrator.

2. **Intoxicating Liquors: ACTION: PARTIES.** Damages sustained by an
individual in consequence of the liquor traffic are, under the
provisions of section 15, ch. 50, Comp. St. 1907, recoverable
notwithstanding that death follows the injury; and this without
the aid of Lord Campbell's act. Such action is properly brought
by the party or parties entitled to such damages, and is not
maintainable by the personal representative of the deceased.
*Roose v. Perkins,* 9 Neb. 304; *Gran v. Houston,* 45 Neb. 813;
*Fitzgerald v. Donoher,* 48 Neb. 852, followed.

3. **Courts: PROCEDURE.** Where a rule relating to a matter of form
and procedure, and not affecting a substantive right, has been
adopted in former decisions of this court, and appears to be
salutary in its operation, it should be followed.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*Smyth & Smith,* for appellant.

*I. J. Dunn* and *Gurley & Woodrough, contra.*

CALKINS, C.

This was an action by the plaintiff as administrator of
his deceased son, James A. Murphy, against the defend-
ant, a licensed liquor dealer of the city of Omaha, and its
bondsmen. It was alleged in the petition that on the 22d
day of July, 1905, James A. Murphy, a boy of 18 years of
age, went to the brewery of the defendant, who there un-
lawfully and wrongfully sold him large quantities of beer,
from which he became intoxicated; and that while so in-
toxicated, and while rendered incapable of taking care of

himself by such intoxication, he went upon a near-by railroad track, and was killed by a passing train. The petition further alleged that the said James A. Murphy at the time of his death had an earning capacity of $55 a month; that he left him surviving as his sole and only heirs at law his father, the plaintiff, and Ellen Murphy, his mother; and that prior to his death he had contributed his earnings to the support of his father and mother. There was also the formal allegation of the granting of the license, the giving of the bond, and the appointment of the ad-. ministrator. The defendants joined issue upon this petition; and after a jury was impaneled, and when the first witness was called to the stand, the defendants objected to the introduction of any testimony on the ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants; and, this objection being sustained, the court directed a verdict for the defendants. A judgment was entered thereon, from which the plaintiff brings this appeal.

1. The sole question argued in this case is the right of the administrator to bring this action. The plaintiff contends that, since at common law no action would lie for injuries or wrongs resulting in death, and since the act, commonly known as the "Slocumb Law" (Comp. St., ch. 50), does not in terms purport to change the rule of the common law in this respect, and a recovery is only possible when aided by the statute giving damages in case of death, commonly known as "Lord Campbell's Act" (Comp. St., ch. 21), the action must be brought according to the provisions of the latter act in the name of the personal representative of the deceased. It must be admitted that no question is better settled than the rule at common law that no civil action would lie for causing the death of a human being; and, although the master of a servant or any one lawfully entitled to command the services of another might bring an action against the wrongdoer who deprived him of those services, he could only recover for the time intermediate the injury and the death. Cooley,

Torts (2d ed.), p. 307; *Wilson v. Bumstead,* 12 Neb. 1; *Insurance Co. v. Brame,* 95 U. S. 754. In the latter case it is said: "The authorities are so numerous and so uniform on the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the state courts, and no deliberate, well-considered decision to the contrary is to be found." This came to be regarded as a grave defect in the common law; and the British parliament undertook to remedy it in the year 1846 by an act familiarly known as "Lord Campbell's Act," which has formed the model for much of the legislation in this country on the same subject, and has been substantially embodied in our own act of 1873, which is now included in chapter 21 of the Compiled Statutes. This statute provides that actions brought for injuries causing death must be in the name of the personal representative of such deceased person, for the benefit, however, of the widow and next of kin; and it follows that, if the right of action set forth in the plaintiff's petition depends upon this act, it was properly brought in the name of the administrator.

2. The plaintiff's right of action is founded upon the law first enacted as sections 340-343, inclusive, of the criminal code of 1866, which is still retained in sections 15-18, inclusive, of chapter 50 of the Compiled Statutes of 1907. The only important change made since its first enactment is in the last named section and in a matter immaterial in this case. Section 15 provides that the person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic. He shall support all paupers, widows and orphans, and the expenses of civil and criminal prosecutions growing out of or justly attributable to his traffic in intoxicating drinks; said damages and expenses to be recovered in any court of competent jurisdiction by any civil action on the

18

·bond named and required in section 6 of the act. It is contended on the part of the defendant that this statute operates as a change of the common law, and that a recovery may be had by the party damaged for the injury notwithstanding the fact that death resulted therefrom, and without reference to the provisions of Lord Campbell's act. There is no specific provision in the act that recovery may be had for an injury thereunder which results in death; but stress is laid upon the fact that the statute provides that the person so licensed shall pay "all damages." It is said by Judge Cooley in the discussion of statutes which provide a remedy where the common law gives none that in these cases such statutes have been left for explanation to the rules of the common law; that the rights they give can only be understood in the light of common law principles. Cooley, Torts (2d ed.), p. 14. This we conceive to be the correct rule of interpretation; and, since at the time of the enactment of this statute the common law did not give damages in civil actions for injuries causing death, it cannot have been the intention of the legislature, by using the words "all damages," to mean damages which were not then recognized by the common law as such. But we are not free to determine this question solely upon principle, nor by the application of the well-known rules of the common law in the interpretation of statutes. It has been in force since territorial days, and has often been construed by our courts. The first case to which our attention has been called is that of *Roose v. Perkins*, 9 Neb. 304. In that case a widow brought action for injuries sustained by herself and children by the death of her husband caused by liquors sold to him by the defendant, whereby the means of support of herself and children were destroyed. The objection was made that the action should have been brought in the name of the legal representative of the deceased; but the court held that the action was brought for the loss of means of support, and the death of the husband was a mere incident which affected the measure of damages, and that, therefore, the

objection was not well taken. In *Gran v. Houston,* 45
Neb. 813, the question was again raised, and it was held
that it was undoubtedly the intention of the lawmakers in
enacting the law of 1881 to pass a statute upon the sub-
ject involved complete in itself; and that the words "all
damages" showed an intent to give a remedy where the
means of support are permanently destroyed by death.  It
was also said that, under the rule requiring the court in
construing a statute to consider its policy and the mis-
chief to be remedied, this enactment should be interpreted
to give damages for the injury notwithstanding the fact
that death resulted therefrom.  In *Fitzgerald v. Donoher,*
48 Neb. 852, which was an action brought by a mother
to recover damages for the death of her son, the question
was again raised.  It was there held that the right of re-
covery under Lord Campbell's act would arise alone from
the party's standing in such relationship to the deceased
as to be entitled to his estate or a share of it by virtue
of heirship; while in an action under the Slocumb law
(Comp. St. 1907, ch. 50, sec. 15), "the plaintiff seeks to
recover that to which she was entitled, the services of her
son, a minor, not as his heir or as a part of his estate, but
because of her parental right to his services."  From an
examination of these cases it appears that this court has
adopted the rule that in actions brought under the liquor
law, where death follows the injury, the proper party
plaintiff is the person entitled to the damages, and not the
personal representative of the deceased.

3. The rule so adopted does not affect a substantive
right, but relates merely to a matter of form and proced-
ure.  It appears to have been salutary in operation, tends
to simplify the application of the remedy, and should
therefore be followed.

We therefore recommend that the judgment of the court
below be affirmed.

AMES, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.