STEPHEN O'DONNELL, APPELLANT, V. BAKER ICE MACHINE COMPANY ET AL., APPELLEES.

FILED OCTOBER 26, 1925.   No. 23048.

Master and Servant: WORKMAN'S COMPENSATION ACT: ACTION AGAINST THIRD PARTY. Section 18 of the workmen's compensation act (Laws 1913, ch. 198), being section 3041, Comp. St. 1922, construed, and *held*, that the right to bring an action against the third party rests with the employer until such time as the employee can allege and prove that his employer has neglected or refused to institute the action.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Bigelow & LaViolette,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, Brogan, Ellick & Raymond, Byron G. Burbank* and *Dressler & Neely, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This case was considered by us and opinion rendered. Motion for rehearing filed and hearing had thereon. The action is one brought in the district court for Douglas county against the answering defendants, jointly, to recover damages for an injury received by the plaintiff in the course of his employment while working for the defendant Omaha Steel Works, hereinafter called the Steel Works, which injury is alleged to have been caused by the joint negligence

of the other defendants. At the close of plaintiff's case, motions were interposed by the answering defendants for an instructed verdict in their favor, or that the court discharge the jury and enter judgment in their behalf of dismissal of the action at plaintiff's costs, which motion, together with the challenge to the petition lodged in the respective answers, were considered by the court and sustained, and the case dismissed. Motion for a new trial overruled, and case appealed.

The undisputed facts as disclosed by the record are, in substance, that the Baker Ice Machine Company, hereinafter called the Machine Company, desiring to erect a building in the city of Omaha, entered into a contract with defendant Busk for the erection thereof, requiring Busk to take out workmen's compensation insurance; that Busk sublet a portion of the work to the Steel Works, requiring it to provide itself with such insurance, and thereafter the Steel Works employed plaintiff as a day laborer to assist in the furtherance of such enterprise; that he entered upon such employment; that defendant Power Company owned and operated a system of electric lines in such city generally, and especially along an alley in such city, where, in the furtherance of such construction, defendant Steel Works and its employees, including plaintiff, were, with machinery and men, at a point upon such alley adjoining the premises where the building was being constructed; that while thus employed, and in the line of his duty, plaintiff received a severe electric shock which seriously injured and disabled him, to his great damage; that for such injury he sought and received, and was continuing to receive, compensation from the defendant Steel Works, as by the workmen's compensation act provided, and this without opposition from it or the other defendants, or either thereof.

The petition is rather voluminous, and it would not serve the purposes of this opinion to set it out at length. However, in it plaintiff nowhere alleges facts showing his right to maintain this action under section 18 of the workmen's compensation act, which is section 3041, Comp. St. 1922,

in that he does not allege that his employer, the Steel Works, has refused or neglected to bring the action. This defect in the petition is challenged by the answers as follows:

"Plaintiff's petition does not state facts sufficient to constitute a cause of action. * * * If any one has a right to bring an action against this defendant by reason of said injury so sustained it is plaintiff's employer, the said Omaha Steel Works; that under and by virtue of the workmen's compensation act of the state of Nebraska the right to maintain said action is wholly and exclusively in the Omaha Steel Works; that said Omaha Steel Works has not refused to bring said action, nor has it assigned to any one its rights therein and thereto, but on the contrary said Omaha Steel Works has brought an action against this defendant in the district court of the United States for the district of Nebraska, Omaha division, to recover for the same identical injury for which damages are sought to be recovered in this action, and that by reason of the foregoing the plaintiff is barred and estopped to bring this action and to recover against the defendant herein."

The answers also contain a charge of negligence on the part of plaintiff, and a general denial.

To the respective answers interposed, no reply was filed, notwithstanding an order permitting replies to be filed at any time during the trial was entered at plaintiff's request by the trial court. Thus, every material, affirmative fact in such answers well pleaded stands admitted, including the pendency of the action in the federal court; that the Steel Works had not refused or neglected to prosecute an action against the Power Company, seeking to recover full damages with which to recoup itself to the extent of its loss under the compensation act, and the remainder to be paid to plaintiff. This latter fact was also admitted by the respective counsel at the hearing in open court.

The controlling question to be determined is: Does the petition state a cause of action? Section 18, *supra*, provides:

"Where a third person is liable to the employee or to the

dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employees or to the dependents, and shall be treated as an advance payment by the employer, on account of any future instalments of compensation."

This question was before us in *Muncaster v. Graham Ice Cream Co.*, 103 Neb. 379, in which it was said in the majority opinion: "The Baker Ice Machine Company (contractor) is simply subrogated to the position of the plaintiff (employee) herein, and in case the Baker Ice Machine Company, after having settled with the employee under the workmen's compensation act, refuses to go ahead any further, and washes its hands of the whole proceeding, then plaintiff should not be prevented from proceeding under the provisions of this act, as he has done in this case." And Judge Letton, in his concurring opinion on page 381, in referring to the same section, uses the following language: "If the employer, after paying the amount of the statutory compensation, refuses or neglects to bring his action against the negligent third party, this does not deprive the injured person of his right of action against the wrongdoer."

In *Murphy Construction Co. v. Serck*, 104 Neb. 398, we said: "When the accident happened the employer became liable to the employee for compensation to be paid according to the provisions of the statute. The employer also was subrogated to the right to recover from the negligent third party the full amount of damage suffered by the injured workman. The amount which the employee was entitled to receive from the employer was in a large degree fixed by statute, but the amount which the employer might in turn

recover from the wrongdoer is to be determined either by settlement satisfactory to the three parties concerned or by the ordinary process of litigation in an action for damages."

As we construe this act, when the employer and employee are operating under and within its provisions, and while in the line of his duty the employee is injured through the wrongful or negligent act or omission of a third party, as charged in this case, the employer is subrogated to the rights of such employee, or those of his dependents, against such third person, and that until the employer neglects or refuses to bring an action against such third party his right to do so is exclusive. If the employee must allege and prove that his employer has refused or neglected to bring the action, as we have repeatedly held, it follows that he cannot take the initiative until he can meet this condition.

The trial court did not err in taking the case from the jury and dismissing the action at plaintiff's costs. This conclusion renders unnecessary a consideration of other points raised.

Our former opinion is withdrawn, and the judgment of the district court

AFFIRMED.

GOOD, J., dissents.

Note—See Workmen's Compensation Acts, C. J. sec. 169.