EMIL LUCKEY, ADMINISTRATOR, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY ET AL., APPELLANTS: T. B. HORD GRAIN COMPANY ET AL., APPELLEES.

FILED MAY 28. 1928. No. 25632.

C. A. *Magaw*, *Thomas W. Bockes* and *Otto F. Walter*, for appellants.

*Montgomery, Hall, Young & Johnsen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and HOWELL, JJ., and LANDIS, District Judge.

ROSE, J.

This is an action to recover $15,000 in damages for alleged negligence resulting in the death of Joseph Schmidt who left surviving him his dependent widow and six adult children. The administrator of decedent's estate is plaintiff. The Union Pacific Railroad Company, Louis Hostreitter, T. B. Hord Grain Company and Globe In-

demnity Company are defendants. For convenience the Union Pacific Railroad Company and the T. B. Hord Grain Company will be called respectively "railroad company" and "grain company." Hostreitter was an employee of the railroad company and Schmidt was an employee of the grain company. The Globe Indemnity Company was the "insurance carrier" of the grain company.

A tier of grain car doors owned by the railroad company and by it stored in piles in the elevator yard of the grain company at Humphrey fell on Schmidt October 22, 1923, and as a result of his injuries he died October 29, 1923. The doors were placed there for the use of the grain company in coopering grain cars.

Plaintiff in his petition pleaded that grain car doors in excess of current needs were stored by the railroad company on the premises of the grain company; that Hostreitter piled them too high in a negligent manner in violation of duties owing to employees of the grain company and that Schmidt, in due course of his employment and in the exercise of due care, went to the piles to get needed doors for the coopering of grain cars; that, while thus engaged, through the negligence pleaded, a tier of the doors fell on him and fatally injured him; that also as a consequence of such negligence the grain company, and the insurance carrier, became liable to the dependent widow for $15 a week for 350 weeks; that out of the damages recovered in this action the grain company and the insurance carrier will be entitled to compensation already paid and to unpaid instalments for which they are liable.

In an answer and cross-petition the grain company and the insurance carrier admitted the facts pleaded by plaintiff and alleged that by reason of the death of Schmidt his widow and next of kin were damaged to the extent of $15,000 and that out of the sum recovered by plaintiff in this action these answering defendants will be entitled to $5,891.75 on account of their liability to the dependent widow for compensation.

The railroad company and Hostreitter demurred to the

petition and to the cross-petition on the grounds that there is a defect of parties plaintiff; that the action is not prosecuted in the name of the real party in interest; that the grain company and the indemnity company are not proper parties defendant, but, if proper parties, are parties plaintiff.

The demurrer was overruled and the demurrants answered, repeating their demurrer, denying the negligence charged and alleging that the death of Schmidt resulted from his own negligence.

Upon a trial of the issues the jury rendered a verdict in favor of plaintiff and against the railroad company and Hostreitter for $2,000. From a judgment on the verdict the judgment defendants appealed. Upon a former hearing in the supreme court the judgment below was reversed and later a reargument was ordered.

It is contended by the railroad company and Hostreitter that the decision below cannot be permitted to stand for the reason that the administrator of decedent's estate is not the proper party plaintiff, being without authority to bring or maintain the action, and that therefore the demurrer should have been sustained and the petition dismissed. The question thus raised was well presented on both sides and requires consideration of a statutory provision in what is known as "Lord Campbell's Act," authorizing an action against a wrongdoer to recover damages for negligence resulting in the death of another person, and also requires consideration of a provision in the workmen's compensation law, an act imposing upon employers liability for compensation to the widow or widower and to the dependents of deceased workmen. Lord Campbell's Act, the earlier of the two statutes, contains among other provisions the following:

"Every such action shall be commenced within two years after the death of such person. It shall be brought by and in the name of his personal representative, for the exclusive benefit of the widow or widower and next of kin. The verdict or judgment should be for the amount of dam-

ages which the persons in whose behalf the action is brought have sustained, and the avails thereof shall be paid to and distributed among such persons in the same proportions as the personal property of an intestate under the inheritance laws." Comp. St. 1922, sec. 1383.

The workmen's compensation law provides:

"Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future instalments of compensation." Comp. St. 1922, sec. 3041.

Emil Luckey, administrator of the estate of Joseph Schmidt, deceased, brought this suit under Lord Campbell's Act, a Nebraska statute authorizing an action against a wrongdoer for negligence resulting in the death of another person, a legislative remedy having no existence at common law. The demurrer asserts that the administrator is not the proper party plaintiff. Lord Campbell's Act, referring to the action and to the deceased person, provides that "It shall be brought by and in the name of his personal representative." Comp. St. 1922, sec. 1383. The workmen's compensation law, a later act recognizing a remedy for the benefit of an employer liable for compensation, provides that, "Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person." Comp. St. 1922, sec. 3041. In connection with the two provisions, the decisive

question raised by the demurrer is narrowed to the authority of the administrator to sue the wrongdoer or "third person" who negligently caused the death of the employee. Questions relating to repugnance between the two provisions and to the repeal or modification of the earlier statute are limited to the right of the administrator to bring the suit. How the fund recoverable in the action should be distributed is not necessary ţto a decision. A wrongdoer who, as a third person, is liable civilly under Lord Campbell's Act for negligently causing the death of another person is not relieved to any ţextent by the workmen's compensation law. He is answerable for the pecuniary loss occasioned by his negligence. The third persons herein were the railroad company and Hostreitter. They were alleged wrongdoers and were defendants. The grain company or employer and the insurance carrier were also defendants and they consented to the bringing of the action—an affirmative step equivalent to a refusal to sue ţin their own right. The widow and the next of kin were represented by the administrator. No one entitled to share the avails ofţthe litigation complains of the judgment rendered. It is clear, therefore, that the judgment defendants cannot be subjected to a double recovery, if the judgment below is sustained.

For the purpose of determining the proper party plaintiff in this particular instance the provision of Lord Campbell's Act authorizing decedent's personal representative to bring the action and the provision of the workmen's compensation law relating to subrogation should be construed together with a view to giving effect to both. In construing the workmen's compensation law it was ruled in a recent case:

"The right to bring an action against the third party rests with the employer until such time as the employee can allege and prove that his employer has neglected or refused to institute the action." *O'Donnell v. Baker Ice Machine Co.*, 114 Neb. 9.

An examination of the opinion therein leads to the con-

clusion that the question now under consideration was not decided. In that case the plaintiff himself was the employee. He was alone attempting to assert in court his own right to recover from a third person damages for negligence. He had been personally injured but not killed. He was in control of his own affairs and of course could not be represented by an administrator. As plaintiff in that case he had no right of any kind under the statute creating for the first time a civil remedy against a wrongdoer for negligently causing the death of another person. He was capable of suing and of being sued. The legislature had made his compensation, when paid by his employer, available for subrogation. In another case wherein an injured employee was himself the plaintiff Judge Letton said in a concurring opinion:

"If the employer, after paying the amount of the statutory compensation, refuses or neglects to bring his action against the negligent third party, this does not deprive the injured person of his right of action against the wrongdoer." *Muncaster v. Graham Ice Cream Co.,* 103 Neb. 379.

This language was quoted by the supreme court with approval in *O'Donnell v. Baker Ice Machine Co.,* 114 Neb. 9. The workmen's compensation law and the opinions construing it, therefore, settle the right of an employer who has paid compensation to sue a third person for negligently injuring, but not causing the death of, the employee.

The present appeal presents an entirely different question—Who is the proper plaintiff where the employee loses his life through the negligence of a third person? The administrator of the deceased employee's estate acted in that capacity under Lord Campbell's Act, a Nebraska statute authorizing an action against a wrongdoer for negligence resulting in the death of another person. That act specifically provides: "It shall be brought by and in the name of his personal representative, for the exclusive benefit of the widow or widower and next of kin." No one else is authorized to bring the action. *Wilson v. Bumstead,* 12 Neb. 1. The administrator is the "personal rep-

resentative." *Murphy v. Willow Springs Brewing Co.,* 81 Neb. 223. The workmen's compensation law does not create a new, or any, cause of action against a wrongdoer for negligence resulting in the death of another person nor authorize the widow nor the dependents nor the administrator nor the employer to bring or prosecute such an action. That authority is found alone in Lord Campbell's Act. The following rules designate the proper plaintiff under each of the statutory provisions construed:

Where the negligence of a third person results in the death of an employee the administrator is the proper plaintiff in an action for damages under Lord Campbell's Act.

Where the negligence of a third person results in personal injury to, but not in the death of, the employee, the employer, if liable for compensation, is the proper plaintiff under the workmen's compensation law, but in the event of his failure to exercise that right the employee may sue in his own name for damages.

Thus construed there is between the provisions under consideration no repugnance to repeal or modify by implication the authority of the administrator under the earlier statute to act as plaintiff in an action against a wrongdoer or third person for negligently causing the death of another person or employee. In respect to parties plaintiff both enactments are operative. As already stated the appeal does not require consideration of the statutory provisions involving distribution of the recovered fund among the beneficiaries.

It is also argued that in any event the judgment should be reversed for want of evidence to prove actionable negligence resulting in the death of Schmidt, the testimony on the main issue being challenged as speculative and conjectural and as wholly insufficient to prove, or warrant an inference of, the negligence charged. The point does not seem to be well taken. Negligence on the part of Schmidt is not shown. He was found fatally injured under a tier of wooden grain car doors that had fallen upon him. They had not been piled in the usual or customary manner. The

doors were longer than they were wide. Properly piled they should rest on each other crosswise, thus binding them together. In violation of custom and usage the pile that fell on Schmidt was in a single tier with the doors lengthwise. This tier, piled to an unusual height, obviously required little force to throw the center of mass without the base, endangering anyone who attempted to remove a door. Actionable negligence resulting in the fatal injuries was a logical inference from these and other evidential facts. There was therefore no error in submitting that issue to the jury.

Prejudicial error in the rulings on evidence or in the giving and refusing of instructions has not been found in the proceedings upon full consideration of the assignments of error presented. The reversal upon the former hearing is vacated and the judgment of the district court is

AFFIRMED.

THOMPSON, J., dissents.