STATE of IOWA ex rel. WELTY, County Attorney, v. NORTHWESTERN LIGHT & POWER CO.

No. 1074.

District Court, N. D. Iowa, W. D.

Feb. 10, 1937.

304

Geo. A. Rice, of Mapleton, Iowa, and K. B. Welty, of Spirit Lake, Iowa, for plaintiff.

H. E. Narey, of Spirit Lake, Iowa, and C. J. Lynch, of Cedar Rapids, Iowa, for defendant.

SCOTT, District Judge.

An action in the name of the State of Iowa by relation of K. B. Welty, County Attorney of Dickinson County, Iowa, against Northwestern Light & Power Company, a corporation. The action is one in the nature of quo warranto to compel the defendant to remove from the streets and alleys and other public places in the Town of Milford, Iowa, its poles, wires, and other electrical equipment established and maintained by the defendant. The ground upon which plaintiff prays relief is that defendant's preexisting franchise has expired, and at an election duly called for the purpose, the electors of the town refused to renew the franchise.

The action was begun in the district court of Iowa in and for Dickinson county, and removed by the defendant on the alleged ground of diversity of citizenship. No motion to remand was filed, and the jurisdiction of this court was not questioned by counsel for either party. A jury was waived in proper form, and the respective parties stipulated substantially all of the pertinent facts and amplified the same only by the very brief testimony of a couple of witnesses. And upon such record the cause was submitted.

Unfortunately for further proceedings in this court, the limited jurisdiction of federal courts imposes upon the court, even in the absence of challenge by a party, the duty of determining its own jurisdiction. It is, of course, apparent that a state is not a citizen of a state. Counsel for plaintiff, however, contends that the town of Milford is the real party in interest, and it being a municipal corporation duly organized under the laws of Iowa, is a citizen of this state. This argument, I think, is unsound although there is a great paucity of direct authority on the question. One case cited in the defendant's brief seems to be directly in point. I refer to State of Nevada ex rel. City of Reno v. Reno Traction Company, 41 Nev. 405, 171 P. 375, L.R.A.1918D, 847. In that case Chief Justice McCarran delivered a very well-considered opinion in which the court declined to honor a petition for removal and to proceed no further, holding that the state was the real party in interest and entitled to control the litigation. An annotation following the report of the decision in the L.R.A. publication recites that: "No case other than State ex rel. Reno v. Reno Traction Co., [41 Nev. 405, 171 P. 375, L.R.A.1918D, 847], has been found passing upon the question of the removal to the Federal court of quo warranto proceedings against a foreign corporation." I have been able to find no other decision passing directly on the question. The ques-

tion of the interest of the state in such an action, however, was raised in State v. Railway Co., 135 Iowa, 694, 109 N.W. 867; Judge Weaver of the Iowa Supreme Court writing an exhaustive and very able opinion in the case. The reasoning of that opinion, I think, makes it quite clear that under the Iowa statutes (Code Iowa 1935, § 12417 et seq.) the same conclusion must be arrived at as did the Nevada court in the case cited. The cases of Ames v. Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L.Ed. 482, and State of Illinois v. Illinois Central Railroad Company (C.C.) 33 F. 721, are cited by the plaintiff as suggesting a different rule. These cases are interesting, but jurisdiction clearly did not depend on diverse citizenship but upon the laws of the United States. I am, therefore, of opinion that this court is without jurisdiction to proceed in this case.

The question now arises whether the case should be dismissed or remanded. A case removed on the ground of alleged diversity of citizenship should be remanded when diversity of citizenship is shown not to exist, if the state court can grant any relief. Cates v. Allen, 149 U.S. 451, 13 S. Ct. 883, 37 L.Ed. 804. This brings us to a consideration of the character of the issue. The defense pleaded is that approximately five years before the expiration of the franchise, the town entered into a street lighting contract with defendant's predecessor, which was assigned to the defendant when it acquired the plant. That this contract was for a period of five years from September 11, 1928, and thereafter for five-year periods until canceled by sixty days' written notice given by either party prior to the end of said term or any fifth anniversary of the effective date of the agreement. That the town did not give the sixty days' notice prior to the end of the first five-year term. That the legality of this contract has been adjudicated by decree of the district court of Iowa in and for Dickinson county in an action wherein the defendant in this case was plaintiff, and the incorporated town of Milford was defendant. And it is claimed that such decree binds the State of Iowa. The stipulation submitted with this case admits that such a decree was entered on December 4, 1936.

I am of opinion that such decree does not conclude the state in this action. From the defendant's contention in its brief and the case cited in support of such contention, I assume that the state court ruled upon the authority of State v. Railway Co., 159 Iowa, 259, 140 N.W. 437, 447, wherein it was said, rather by way of dictum I think, that: "In contracting with water companies for water for fire or other purposes, and with electric light companies for lighting its streets and in other such matters, it is acting in a private and proprietary capacity, and the rule for which counsel contend is generally held applicable to such cases." It may be pointed out that in that decision the court was considering contractual relations created before the amendment of the statute by the Thirty-Fifth General Assembly of Iowa in the year 1913. That amendment brought into the subject contracts such as the one under consideration, and required that they should be entered into only upon the approval of the electors at an election. The Iowa Supreme Court placed its construction upon that amendment in the case of Iowa Electric Co. v. Incorporated Town of Winthrop, 198 Iowa, 196, 198 N.W. 14, holding a contract for the purchase of electricity to light the town and its inhabitants void because not approved by the electors.

Being of opinion that this court has no jurisdiction, it is ordered that the case be remanded to the district court of Iowa for Dickinson county, and that the costs herein be taxed to the defendant, it being the removing party.