### STATE OF LOUISIANA v. TEXAS CO.

No. 68.

District Court, E. D. Louisiana, Baton Rouge Division.

May 6, 1941.

E. L. Richardson, Justin C. Daspit, F. A. Blanche, and H. A. Brumfield, Jr., all of Baton Rouge, La., for plaintiff.

Charles H. Blish and R. C. Milling, both of New Orleans, La., for defendant.

BORAH, District Judge.

Proceeding summarily by motion, and allegedly under the authority of Act No. 14 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1935, the State of Louisiana, by and through W. A. Cooper, Collector of Revenue for the State of Louisiana, instituted this proceeding in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, to recover occupational-license or privilege taxes, penalties and attorney's fees which it is claimed are due by defendant under the provisions of Act No. 15 of the Third Extraordinary Session of the

Louisiana Legislature for the year 1934, as amended by Act No. 333 of 1936.

The action was removed here by the defendant on the ground that Cooper, a resident of Louisiana, is the true plaintiff, and that the requisite diversity of citizenship exists since defendant is a resident of Delaware. The matter is now before the Court on plaintiff's motion to remand the action to the State court.

Defendant seeks to sustain the removal on the ground that this proceeding was instituted by Cooper and not the State, and maintains that a consideration of the provisions of the aforementioned statute demonstrates the correctness of its position. Defendant points out that Section 41 of this statute, as amended, imposes the tax in controversy and provides that the tax levied by this section shall be collected by the Supervisor of Public Accounts in the same manner as are collected the licenses provided for in the general tax laws of this State, except as otherwise provided in this section. That with respect to the language "except as otherwise provided", this section otherwise provides that if the tax is not paid at the time and in the manner stipulated, the Supervisor of Public Accounts shall make in any manner feasible and record in the mortgage records of the parish a statement evidencing the amount of the tax, which shall operate as a first lien on the property of the tax debtor, and the property will be subject to seizure and sale by the Sheriff for its payment. The defendant further points out that the general license tax law at that time was Act No. 15 of the Third Extraordinary Session of 1934, the identical statute which levied the license tax sought to be recovered herein; that Section 47 of this statute provided a method of procedure for the collection of delinquent licenses and under this procedure the Supervisor of Public Accounts was required to "sue out a rule" for the collection of delinquent license taxes, "through the Attorney herein provided for"; and that Section 51, as amended by Act No. 429 of 1938, provided that the Governor was authorized to name an attorney at law in each parish to aid the Collector of Revenue in the parish for which he was appointed in the collection of state licenses provided by this Act. In other words, defendant maintains that it is the duty of the Supervisor of Public Accounts to collect these license taxes, and in the fulfillment of that duty he is authorized under Section 41 to collect delinquent taxes by filing a lien and seizing property for the payment thereof, or he can proceed under Section 47 through the attorney appointed to collect the tax by rule as that section provides that, "the Supervisor of Public Accounts, whose duty it is to issue licenses, shall, through the Attorney herein provided for, on motion in the proper courts as provided for in the Constitution, * * * sue out a rule on [the tax debtor] to show cause * * * why said party * * * should not pay the amount of the licenses claimed * * * and be ordered to cease * * * business * * * and if said rule be made absolute, the order thereon rendered shall be considered a judgment in favor of the State, for the amount decreed to be due * * * and shall be executed in the same manner as other judgments, * * *."

Defendant contends that the quoted language from Section 47 clearly means that the rule would be filed by the Supervisor, that judgment would be secured by him, and if judgment were rendered, it would not be in favor of the State but would be considered a judgment in favor of the State.

Defendant further contends that the Constitutional Amendment of 1921 (Act No. 69 of 1936) which created the Department of Revenue, directed and controlled by a Collector of Revenue, and which abolished the office of Supervisor of Public Accounts and created the office of Supervisor of Public Funds, in effect created the Department of Revenue with the Collector of Revenue at its head, as an independent board and administrative office of the State, separate and distinct from the State; and that the action instituted to collect the tax in question, instituted in the name of the State "appearing herein by and through W. A. Cooper, Collector of Revenue," is the suit of Cooper and is removable. This, in brief, is the theory upon which defendant seeks to sustain the removal of this action, and the case of State of Missouri v. Homesteaders Life Ass'n, 8 Cir., 90 F.2d 543, 545, is the authority on which defendant relies.

■ This action was instituted under the authority of Act No. 14 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1935. The object of the Act as expressed in its title is as follows:

"An Act

"Providing additional procedure to facilitate and expedite the determination and

trial of all claims by or on behalf of the State for taxes, excises and licenses, and for the penalties, interest and attorney's fees thereon; providing for the summary hearing and determination of such claims by preference in all courts, fixing delays and the burden of proof and the amount of bond for appeals, and repealing inconsistent laws".

In considering this statute it is to be noted that the severance tax law, Act No. 24 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1935, expressly declares that when that tax is to be collected, the Supervisor shall cause a statement to be recorded, shall give notice, and shall file a petition, as in ordinary cases, in the name of the State of Louisiana. Under Act No. 24 of the Legislature of Louisiana for the year 1934, which is the cotton future license tax law, it is provided that the Supervisor of Public Accounts may institute suit in any court of competent jurisdiction for the amount of the tax. These statutes are illustrative of the fact that the legislature has provided in some cases that suit be filed in the name of the Supervisor and in others that suit be filed in the name of the State. It is believed that the lawmakers had this precise situation in mind when they adopted Act No. 14 of the Second Extraordinary Session of 1935, and it is not believed that this statute supports plaintiff's contention that the Supervisor is authorized to bring this action in the name of the State.

■ However, it does not follow that because the Act levying this tax requires that the suit be brought by the Supervisor, that the State's relationship with the Supervisor is such that he does not in reality represent the State. In determining whether a State is an actual or real party in interest, the general statement is that the State is such real party when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate. Missouri, etc., Railway Co. v. Missouri Railroad, etc., Commissioners, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78. The present suit has for its object the collection of taxes due the State of Louisiana under its statutes. The State is the sole beneficiary of any judgment which may be rendered in this proceeding and the judgment, if obtained, when paid to the State of Louisiana, will be transmitted to the State Treasurer and deposited in the State Treasury of Louisiana as is provided in paragraph (d) of Section 41 of Act No. 15 of the Third Extraordinary Session of 1934, as amended.

State of Missouri v. Homesteaders Life Ass'n, supra, is distinguishable on the facts. There the Court's decision was undoubtedly influenced by its finding that under the Missouri laws the superintendent of the insurance department was an entity distinct from the State with power to sue and be sued. The Court found that the Missouri statutes disclaimed responsibility in actions of the character there involved and made the officer, not the State, the active agent. To quote the language of the Court [90 F. 2d 548]:

"It is he [the officer] who brings the action. The state pays none of the expenses and disclaims any responsibility for payment of any of the officer's expenses. Any deficiency of income compared to expenses must be made up by assessment by the superintendent upon insurance companies. When the superintendent has succeeded in making collection, 'he shall pay the same into the state treasury,' and incidentally it is to be observed he is required to give a bond of $100,000, 'conditioned for the faithful discharge of his duty.' He sues for and recovers in his own name. Any judgment would be paid to him, and it is not until he collects the judgment that he makes payment to the state treasurer. The state is a beneficiary of only one half of the recovery (section 5980, Rev.St.1929 [Mo.St.Ann. § 5980, p. 4558]), while the other half goes into a county foreign insurance fund ultimately distributed to the credit of counties and cities (section 5982 Rev.St.1929 [Mo. St.Ann. § 5982, p. 4559])."

Here the Department of Revenue is a part of the sovereign state of Louisiana, created by the Constitution, and is charged with the collection of all monies due the State, which monies when collected are paid into the State Treasury. There is no Act creating the Department of Revenue as a corporate body and authorizing it to be sued generally. The only Act permitting suit against the Department of Revenue, so far as I know, is Act No. 330 of the Legislature of Louisiana for the year 1938, which provides an adequate remedy at law for the recovery by any taxpayer of any illegal tax paid by him.

■ The fact that the nominal plaintiff here is the State and not the individual, Cooper, is not controlling. If the suit were brought by Cooper he would be proceeding

only in his official character. He has no personal interest in the subject matter of this litigation and in the event of his removal or resignation from office, this suit would be continued by his successor, not by himself. It seems clear that the action is one in which the real plaintiff is the State. It is for its sole benefit that the action is brought and it alone is to be benefited by the recovery. Since the State is not a citizen, a suit in which she is a party to the controversy is not removable on the grounds of diverse citizenship. Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962.

The motion to remand this case to the State court must therefore be granted.