## STATE OF NEBRASKA v. NORTHWESTERN ENGINEERING CO. et al.
### Civil Action No. 158.

District Court, D. Nebraska,
North Platte Division.
June 17, 1946.

Walter R. Johnson, Atty. Gen., for State of Nebraska.

Yale C. Holland, of Kennedy, Holland, DeLacy & Svoboda, of Omaha, Neb., and H. R. Hanley, of Rapid City, S. D., for defendants.

DONOHOE, District Judge.

This is an action commenced by the State of Nebraska in the District Court of Cheyenne County, Nebraska, to recover for the allegedly negligent acts of the defendants, who are residents and citizens of the State of South Dakota.

Two causes of action are pleaded in the petition. The plaintiff, for its first cause of action, alleges that on June 13, 1945, one Loyal M. Zink was a patrolman in the Nebraska Safety Patrol, and an employee of the plaintiff. It is alleged that on that day, the defendant, Cyrus F. Colvin, while acting as a truck driver for the defendant Northwestern Engineering Company, operated the defendants' truck in such a negligent manner as to collide with an automobile driven by Loyal M. Zink, and that, as a result of the collision, Zink was killed.

In the second cause of action the plaintiff seeks to recover from the defendants the value of the automobile which was being operated by Zink at the time of the collision, it being alleged that such automobile was the property of the plaintiff, and that it was completely destroyed in the accident.

The action has been removed to the Federal District Court by the defendants on the grounds of diversity of citizenship, and the plaintiff has filed a Motion to Remand the action to the state court.

The question, quoting from the plaintiff's brief in support of the motion, is: "May an action commenced in a state court by the state be removed to a United States Court on the grounds of diversity of citizenship?"

It is the general rule that a state is not a "citizen" within the contemplation

of the provisions of the Removal Act, 28 U.S.C.A. § 71, permitting removal of suits from a state court to a United States District Court on the grounds of diversity of citizenship. Stone v. State of South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962; County of Upshur v. Rich, 135 U.S. 467, 10 S.Ct. 651, 34 L.Ed. 196; Postal Telegraph Cable Co. v. State of Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; State of Missouri v. Homesteaders Life Association, 8 Cir., 90 F.2d 543. But this general rule must be understood in the light of the facts of the cases wherein it has been announced.

Whether an action commenced in a state court by a state is removable by the defendant on the grounds of diversity of citizenship depends upon whether the state is the real party in interest or only a nominal party. See Title Guaranty & Surety Co. of Scranton, Pa. v. State of Idaho, for the use of Allen, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566. If the state is the real party in interest, the defendant may not remove the action on the grounds of diversity of citizenship. State of Iowa ex rel Welty v. Northwestern Light & Power Co., D.C. Iowa, 18 F.Supp. 303; State of Louisiana v. Texas Co., D.C.La., 38 F. Supp. 860. See also note in 147 A.L.R. 786, and cases there cited commencing at 798.

If, on the other hand, the state is only a nominal party, and not the real party in interest, the action may be removed by the defendant upon the grounds of diversity of citizenship; depending, however, upon whether there is diversity as between the real party in interest and the defendant. State of Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822; Missouri, K. & T. R. Co. v. Missouri R. R. & Warehouse Commissioners, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78; Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876.

In other words, it is the citizenship of the real, as distinguished from the nominal, party which governs the matter of removability in diversity cases. In re Water Right of Utah Construction Co., D.C.Idaho, 30 F.2d 436; Bernblum v. Travelers Ins.

Co., D.C.Mo., 9 F.Supp. 34 and cases there cited.

In Black's Dillon on Removal of Causes, at p. 136, it is said:

"When the plaintiff on the record has no real interest in the subject matter of the controversy, and can derive no advantage from the judgment, but the suit is required to be brought in his name because he holds the formal right to sue, although the action is really prosecuted for the benefit of another, the record plaintiff is only a nominal party, whose citizenship will not affect the right of removal. Such right will depend upon the relative citizenship of the real party in interest and the defendant."

In Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 584, 52 L.Ed. 876, the State of Nebraska, its Attorney General, the Nebraska State Railway Commission, and certain individuals, as members of the Commission, brought an action in a Nebraska court against the Chicago, Burlington & Quincy Railway Company to enjoin the company from charging more for the transportation of freight and passengers within the state of Nebraska than the rates fixed for such transportation in certain Acts of the State Legislature. The company filed a petition for removal of the action to the Circuit Court on the ground that the suit was a controversy wholly between citizens of different states. Plaintiffs filed a motion to remand the case to the Supreme Court of Nebraska, and this motion was overruled by the Circuit Court.

The Supreme Court, dismissing a petition for a Writ of Mandamus to compel the remanding of the action to the Supreme Court of Nebraska, said:

"We must add that the mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy. And in the present case the circuit court was not bound to adjudicate the question merely by an inspection of the nominal parties to the record, for the mere presence of the state of Nebraska as a party plaintiff was not of itself sufficient necessarily to defeat the jurisdiction of

the Federal court. It became, and was, the duty of the circuit court to determine the question whether the state of Nebraska was an actual party plaintiff in the present suit, and to determine that question by consideration of the nature of the case as presented by the whole record, and not 'by a reference to the nominal parties to the record.'"

It was further said:

"The question whether the state of Nebraska is the real party plaintiff. must be determined from the consideration of the nature of the case as disclosed by the record. If the nature of the case is such that the state of Nebraska is the real party plaintiff, the Federal court will so decide for all purposes of jurisdiction, even though the state were not named as a party plaintiff. If the nature of the case is such that the state is not a real party plaintiff, the Federal court will so decide for the purposes of jurisdiction, even though the state is named nominally as a party plaintiff.

"The question whether such a case as this is one in which the state is the real party in interest and the real party plaintiff was determined by this court in Missouri, Kansas & Texas Railway Co. v. Missouri R. [R.] & Warehouse Commissioners, 183 U.S. 53, 46 L.Ed. 78, 22 S.Ct. 18, where the only question presented was whether, in a suit brought to enjoin a railroad company from charging greater rates within the State of Missouri than those fixed by state authority, the state of Missouri was the real party plaintiff. The state was not joined as a party plaintiff, but the question had to be determined, not by a view of the nominal parties to the record, but from the consideration of the nature of the case as shown by the whole record. The defendant company presented to the state court a petition for removal, which was denied. The supreme court of the state held that it was proper to go behind the face of the record and inquire who was the real party plaintiff; and, after making such examination, decided that the state was the real party plaintiff, and that the Federal court had no jurisdiction on the removal. The case was brought to this court for a review of the decision of the supreme court of Missouri, and this court recognizing the rule that a mere inspection of the parties named as the plaintiffs was not conclusive, examined the record and the nature of the case, and, in an opinion rendered by Mr. Justice Brewer held that the nature of the case was such that the state of Missouri was not a real party in interest and not a real party plaintiff."

That the name "State of Nebraska" appears in the title of the instant action is not controlling in determining whether this is a suit between citizens of different states, since a federal court will look behind and through the nominal parties on the record to ascertain who are the real parties. Likewise, the mere fact that the state may have some beneficial interest in the ultimate recovery in the action does not, of itself, make the state a party to the action, so as to prevent removal. State of Missouri v. Homesteaders Life Association, 8 Cir., 90 F.2d 543.

What is the status of the State of Nebraska as the plaintiff in this case?

The status of the state as a party to the action will, for the purpose of considering the right of removal, be determined by the law of the forum state. Thompson v. Railroad Companies, 6 Wall. 134, 18 L. Ed. 765; Turk v. Illinois Central Railroad Co., 6 Cir., 218 F. 315.

It is the contention of the state that, by reason of the provisions of the Workmen's Compensation Law of Nebraska, R.S. '43, Sec. 48-118, relating to actions against third parties for the death or injury of an employee, the state as an employer is authorized to maintain this action to recover compensation payments which it is bound to pay to the dependents of Loyal M. Zink and, further, to recover damages suffered by these dependents.

R.S.1943, Sec. 48-118, provides:

"48-118. Employer; liability of third person; subrogation. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee

or dependents, but such employer may recover any amount which such employee or his dependents should have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation; Provided, however, that nothing in this section or act shall be construed to deny the right of an injured employee or of his personal representative to bring suit against such third person in his own name or in the name of the personal representative based upon such liability, but in such event an employer having paid or paying compensation to such employee or his dependents shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid."

The state argues that by virtue of the above provisions of the Workmen's Compensation Law, it, as the employer, is the real party in interest with respect to the first cause of action. In support of its position, the state cites O'Donnell v. Baker Ice Machine Co., 114 Neb. 9, 205 N.W. 561, holding that under the Workmen's Compensation Law, as it then existed, the right to bring an action against a third party for injuries sustained by an employee rests with the employer until such time as the employee can allege and prove that his employer has neglected or refused to institute the action.

This argument is not convincing and carries no weight under the law of Nebraska as it existed at the time of the occurrence of the accident giving rise to the present action. In the first place, the O'Donnell case was decided in 1925, under Section 18 of the Workmen's Compensation Act, being Section 3041 of the Compiled Statutes of 1922. In .1929 this section was amended by adding the provision that nothing in this section or act shall be construed to deny the right of an injured employee, or of his personal representative, to bring suit against a third per-

son. Laws of Nebraska, 1929, Chapter 135. As said by Justice Paine in Goeres v. Goeres et al., 124 Neb. 720, 248 N.W. 75, the amendment was added to avoid the ruling in the O'Donnell case.

There have been at least two decisions by the Supreme Court of Nebraska which are squarely against the contentions of the State of Nebraska in the instant case. Luckey v. Union Pacific Railroad Co. et al., 117 Neb. 85, 219 N.W. 802, 804, and Goeres v. Goeres et al., 124 Neb. 720, 248 N.W. 75.

In the Luckey case, which was decided in 1928, a deceased employee's administrator, as the plaintiff, brought an action under Lord Campbell's Act to recover damages for alleged negligence resulting in the employee's death. The defendants were the employer, its insurance carrier, a third party and the third party's employee. The third party and its employee demurred to the petition on the ground that the action was not prosecuted in the name of the real party in interest, and contended that the administrator was not the proper party plaintiff; also that the employer and its insurance carrier, if proper parties, should have been parties plaintiff. The Supreme Court, after quoting Lord Campbell's Act, and the section of the Workmen's Compensation Act relating to an employer's action against third persons—and it may be observed that this section was then in substantially identical language with R.S. '43, Sec. 48-118, except for the provision added in 1929—said:

"For the purpose of determining the proper party plaintiff in this particular instance the provision of Lord Campbell's Act authorizing decedent's personal representative to bring the action and the provision of the Workmen's Compensation Law relating to subrogation should be construed together with a view to giving effect to both."

After distinguishing cases involving the proper party plaintiff, where an employee is injured, the court said:

"The present appeal presents an entirely different question—who is the proper plaintiff where the employee loses his life through the negligence of a third person?

352

The administrator of the deceased employee's estate acted in that capacity under Lord Campbell's Act, a Nebraska statute authorizing an action against a wrongdoer for negligence resulting in the death of another person. That act specifically provides that:

" 'It shall be brought by and in the name of his personal representative for the exclusive benefit of the widow or widower and next of kin.'

"No one else is authorized to bring the action. Wilson v. Bumstead, 12 Neb. 1, 10 N.W. 411. The administrator is the 'personal representative.' Murphy v. Willow Springs Brewing Co., 81 Neb. 223, 115 N.W. 761. The Workmen's Compensation Law does not create a new, or any, cause of action against a wrongdoer for negligence resulting in the death of another person nor authorize the widow nor the dependents nor the administrator nor the employer to bring or prosecute such an action. That authority is found alone in Lord Campbell's Act. The following rules designate the proper plaintiff under each of the statutory provisions construed:

"Where the negligence of a third person results in the death of an employee the administrator is the proper plaintiff in an action for damages under Lord Campbell's Act.

"Where the negligence of a third person results in personal injury to, but not in the death of, the employee, the employer, if liable for compensation, is the proper plaintiff under the Workmen's Compensation Law, but in the event of his failure to exercise the right the employee may sue in his own name for damages.

"Thus construed there is between the provisions under consideration no repugnance to repeal or modify by implication the authority of the administrator under the earlier statute to act as plaintiff in an action against a wrongdoer or third person for negligently causing the death of another person or employee."

While the court does not, at this time, feel that it is called upon to express an opinion on the matter, the attention of counsel is specifically directed to that part of the foregoing quotation stating that:

"The Workmen's Compensation Law does not create a new, or any, cause of action against a wrongdoer for negligence resulting in the death of another person nor authorize the widow nor the dependents nor the administrator nor the employer to bring or prosecute such an action. That authority is found alone in Lord Campbell's Act."

In the Goeres case [124 Neb. 720, 248 N.W. 77], decided in 1933, an employee's widow, as administratrix, brought an action under Lord Campbell's Act to recover damages for the death of her husband, who had been killed in an automobile accident. The defendant was the decedent's brother, and it appears from the language of the Supreme Court's opinion that at the time of the accident the decedent and the defendant were acting as volunteer members of the fire department in the village of Osmond, Nebraska. The village carried insurance on its employees, and the widow was being paid weekly compensation by the insurance carrier. Prior to her appointment as administratrix, the widow had entered into a written contract with the village and the carrier providing that the widow, as administratrix, should commence the action, and the contract provided that she should receive only 10% of the amount recovered, and that the balance should go to the village and the carrier.

The defendant contended that the widow, as administratrix, had no right to bring the action because she was not the real party in interest.

In rejecting this contention, the Supreme Court said:

"The question raised has been before this court several times in various forms. It has been held that the Workmen's Compensation Law does not create a cause of action against a wrongdoer for negligently causing the death of another person, and that an action against a wrongdoer for causing such death must be brought in the name of the personal representative. Luckey v. Union Pac. R. Co., 117 Neb. 85, 219 N.W. 802.

"In the case at bar, the law of Nebraska required this action to be brought by the administratrix under the Lord Campbell's

Act, while the provisions of the Compensation Act, relating to the interest of the employer therein, merely related to the distribution of the proceeds. The ruling of the trial court that she had a right to bring the action was correct."

■ Under Nebraska law, the real party in interest is the person entitled to the avails of the suit. Gregory v. Pribbeno, 143 Neb. 379, 9 N.W.2d 485; Uptegrove v. Metropolitan Life Ins. Co. of New York, 145 Neb. 51, 15 N.W.2d 220.

■ The foregoing decisions compel the conclusion that the administratrix of the estate of Loyal M. Zink is the real party in interest, or the real plaintiff, as respects the first cause of action. That the state, as the decedent's employer, may have some interest in the distribution of the proceeds of recovery, if any, by reason of its statutory right of subrogation under the Workmen's Compensation Law to the extent of compensation paid does not alter this conclusion. See Goeres v. Goeres, supra.

■ It is well settled that a state statute, such as R.S. '43, Sec. 48-118, may not be so construed as to take away or abridge the right of removal if that right otherwise exists. Hess v. Reynolds, 113 U.S. 73, 5 S.Ct. 377, 28 L.Ed. 927; Courtney v. Pradt, 196 U.S. 89, 25 S.Ct. 208, 49 L. Ed. 398.

The petition for removal alleges, and the plaintiff does not deny, that Wilda Zink, the widow of Loyal M. Zink, is the duly appointed, qualified and acting administratrix of the estate of Loyal M. Zink under Letters of Administration issued to her by the County Court of Cheyenne County, Nebraska, prior to the commencement of the present action. It is further alleged, and not denied, that Wilda Zink, administratrix, and the decedent's two minor children, were residents and citizens of the State of Nebraska at the time of the filing of this suit, and that they still are citizens and residents of this state.

■ The plaintiff urgently contends that the petition for removal is insufficient for failure to allege the citizenship of the state of Nebraska, and that such citizenship does not otherwise appear from the record. Since, as previously pointed out in this memorandum, it is the citizenship of the real parties in interest which governs the removability of causes on the grounds of diversity of citizenship, this omission is not fatal to the right of removal in the present case.

Under the foregoing authorities, and examining the entire record for the purpose of determining the nature of the case, and the real parties in interest, as we are instructed to do in Ex parte State of Nebraska, it is concluded that the first cause of action is removable by the defendants on the grounds of diversity of citizenship.

■ A contrary result must be reached with respect to the second cause of action. Clearly, the State of Nebraska is the real party in interest to an action for the recovery of the value of its automobile.

■ While both causes of action may have grown out of the same accident, they are separate causes of action, each involving different parties and a different subject matter. Accordingly, jurisdiction over the first cause of action will be retained, and the second cause of action will be remanded. Tillman v. Russo Asiatic Bank, 2 Cir., 51 F.2d 1023, 80 A.L.R. 1368.

The motion to remand is overruled as to the first cause of action, and sustained as to the second cause of action.